TOOMBS, respondent, *v.* HORNBUCKLE et al., appellants.

PLEADING — *insufficient denial.* The denial of an "unlawful and wrongful" diversion admits the fact of the diversion.

PRACTICE — *verdict against evidence.* A verdict will not be set aside, as contrary to evidence, unless it is clearly unsupported by evidence.

*Appeal from the Third District, Lewis and Clarke County.*

THE facts are contained in the opinion. The action was tried in April, 1870, in the district court, before SYMES, J.

CHUMASERO & CHADWICK, for appellants.

The decree of the court below was not justified by the evidence or special findings of the jury. The testimony shows that the water flowing from the springs was diminished in quantity almost one-third, and lacked only ten inches of furnishing respondent with all the water he was entitled to by the findings of the jury. The use of this water by miners materially diminished its quantity below the springs. The findings are in accord with the facts, and

the rights of the parties should be determined by them. These findings show that appellants had not diverted from respondent's ditch any water to which respondent was entitled, and that there flowed at all times from the springs, the water that respondent was entitled to, if the miners did not obstruct it. When the miners obstructed the water from the springs, sixty inches reached the respondent's ditch. The miners so obstructed this water during June and July, 1869.

The decree makes appellants liable for the acts of those miners, and compels them to supply respondent with water to which respondent has no claim. Appellants are obliged to leave in the creek, at the head of respondent's ditch, seventy inches of water, regardless of any depredations that may be committed by strangers below their point of appropriation. This decree overrides every principle of equity. No man should be made responsible for the acts of another, committed without his knowledge or assent. The injunction wrests from the appellant his property, to compensate an injury that he did not cause. That part of the decree, which interferes with the user by appellants of all the waters at the head of their ditch, in Magpie creek, should be set aside, and the injunction should be dissolved.

E. W. & J. K. Toole, for respondent.

Respondent was first in right as to seventy inches of water. The decree gives him this amount at the head of his ditch. Respondent cannot suffer from natural causes affecting the supply of water. The finding, respecting the springs, is immaterial. The general verdict is conclusive as to the estoppel claimed by appellants.

Warren, C. J. The plaintiff, in this case, alleges right of possession and user of about two hundred and fifty inches of the waters of Magpie creek, by virtue of his appropriation thereof, made in 1865, by means of a ditch there constructed, for the purpose of irrigation, and alleges a continuous wrongful diversion of such water by defendants, prior to the

commencement of this action, and threats by defendants to continue such diversion.  He prays judgment for damages; that title be established and decreed in him to the extent of his prior appropriation, and that defendants and those in privity with them, be perpetually enjoined from diverting such waters.

The answer in substance denies plaintiff's appropriation, and also denies that defendants. "wrongfully or unlawfully" diverted said water, and sets up an appropriation of the waters of Magpie creek, made by defendants for mining purposes, in May, 1866, and subsequently, in October, 1866, by means of ditches then constructed, and that said waters were then unappropriated, and that defendants thereafter remained in full and peaceable possession thereof; and, further, plead by way of estoppel, that plaintiff had actual knowledge of defendant's intention to so appropriate said water, prior to and during the construction of their ditches, and failed to assert his title to said water, or to forbid their construction of the ditches.

The replication specifically denies each allegation of the answer.

The denial of "unlawful and wrongful" diversion, as has been often held, admits the fact of diversion, so that the only issues on the pleadings are upon the priority of the respective appropriations, and upon the facts constituting the estoppel pleaded.

The issues were tried by jury, which found a general verdict for the plaintiff, and a special verdict upon questions of fact submitted to them.  The court below overruled defendant's motion for a new trial, and rendered judgment for the damages found by the jury, and entered a decree perpetually enjoining the defendants and their privies from so diverting the waters of the creek, as to prevent seventy inches of water, being the quantity found by the jury to have been first appropriated by plaintiff, from flowing down to plaintiff's ditch.

From the order overruling his motion for a new trial, and from the judgment and decree, the defendant appeals, and

assigns as error that the evidence and special findings of the jury do not support the decree, and are in conflict with the general verdict.

The evidence is in some respects conflicting, but whatever our views might be, in any case, we do not feel justified by any precedents in setting aside a verdict as contrary to evidence, unless clearly unsupported by evidence, which is not the case here, so that the only question left to consider is, whether the special verdict conflicts with the general verdict, and fails to support the decree.

The general verdict finds the issues joined, as to priority of appropriation, and as to the facts set up as an estoppel for the plaintiff. These were the only issues raised by the pleadings.

The first special finding of the jury fixes the amount of plaintiff's appropriation at seventy inches of water, and of this finding appellants do not complain. The second finding is, that sixty inches of water flowed down to plaintiff's ditch during June and July, 1869, when the diversion by defendants is alleged. The third finding is, that seventy inches of water "flow down Magpie gulch" from "the springs," when all the water is taken out above the springs during wet or dry season, and it is not obstructed by miners. The "springs," mentioned in the last finding, appear from the evidence to be situated between the respective ditches of plaintiff and defendants, the latter being some distance above the former, and appellants claim that under the third finding of the jury, the defendants did not, and as a physical fact could not, divert any water, to which plaintiff was found by the jury to be entitled.

Had the question of diversion been properly put in issue, and if the jury had definitely found that, at the time of the alleged diversion, the "springs," below defendant's ditch, alone furnished sufficient water to supply the amount found to have been appropriated by plaintiff at the head of his ditch ; this would be undoubtedly true, but the last finding is too uncertain and indefinite to overturn the other special findings and the general verdict, and is, besides, immaterial,

Vol. I.— 37

being upon a fact not in issue. The point urged by appellant, that the decree makes him answerable for the acts of third parties with whom he has no privity, in diverting water below the springs, is not well taken, as the decree rendered only requires the defendants to permit so much of the waters in question to pass their ditch, as that seventy inches may in its natural flow reach the head of plaintiff's ditch, in the bed of the stream at that point, whether from the springs or above them, and this is all that is enjoined on them. They are not held responsible for any acts of others.

The judgment and decree are affirmed.

*Judgment affirmed.*