| 6 | 223 |<br>| 16 | 430 |

Budd, respondent, *v.* Perkins et al., appellants.

VERDICT — *Evidence — Excessive damages.—* In an action to recover for work and labor, and for money advanced, the evidence reviewed and held to support the findings, and not to show that the verdict was excessive, or to have been given under the influence of passion or prejudice.

*Appeal from First District, Gallatin County.*

The opinion states the facts.

E. W. & J. K. Toole and William Wallace, Jr., for the appellants.

Vivion & Shelton and Luce & Armstrong, for the respondent.

Galbraith, J. This appeal is taken from a judgment and from the order overruling the appellants' motion for a new trial. The appellants rely upon the reasons assigned

in support of their motion for a new trial, which were: 1. Excessive damages appearing to have been given under the influence of passion or prejudice. 2. Insufficiency of the evidence to justify the verdict of the jury.

This action was upon an account for money paid out by the respondent, at the request of appellants, for board furnished by the respondent at the request of appellants, alleged to be of a certain reasonable value, and also for work and labor done on an express contract, as book-keeper, by respondent for the appellants; for all of which the appellants, it is alleged, became liable between the 13th day of March, 1882, and the 20th day of April, 1883. The whole amount alleged to be due was $1,233.12, upon which there was a credit for $702.50, leaving a balance of $530.62. The appellants expressly denied the claims for money paid out and the account for board. They admitted the express contract in relation to work and labor done, with some modification; but alleged damages by reason of the negligence and unskilfulness of the respondent during the course of and in the exercise of his employment, in the sum of $1,000. These damages were set up by way of counterclaim. The respondent, by way of reply, denied the modification of the contract, and the alleged negligence and unskilfulness, or that the appellants were damaged thereby. This is not, in its nature, a case of such a public character, or of such notoriety, as to make it probable that the verdict might have been rendered under the influence of passion or prejudice; and we cannot find anything in the record which would indicate that the verdict was rendered under the influence of such feelings. It was a simple action of account for labor and services, and a small sum of money, between employer and employee.

The evidence, also, is principally in relation to matters resting in express contract; and as to the board, the alleged value thereof appears upon its face to be reasonable. There is, therefore, not that wide range, in the very nature of such a case, for the exercise of passion and prejudice, as to afford

the jury an opportunity to have been materially influenced thereby. If the jury found the facts without reference to the damages, the damages found would follow almost as a matter of course. If the facts were properly found, then the damages were not excessive. It only, then, remains to consider this question, which will also dispose of the question of the insufficiency of the evidence to justify the verdict of the jury.

The respondent himself testified upon the trial, as to all the allegations of the complaint, viz., to the contract of hiring as book-keeper; the consideration of such contract, viz., $75 per month; the time he served the appellants as such; as to the boarding, the number of weeks of such boarding, and the price per week; and also as to the fact of money being paid out for the appellants' use at their request, and the time and the amount thereof.

There was conflicting testimony as to all the matters of negligence and unskilfulness alleged in the counter-claim. In relation to the time-checks, in regard to which evidence was introduced under the allegation of negligence tending to show that they were given by the respondent to certain employees of the appellants without authority, there was also evidence that the time of these men used to be handed to the respondent by the foreman of the appellants. There was also testimony that the respondent did sometimes sign the firm name to checks in the presence of the appellants; that the time of these employees was handed to the respondent by one of the foremen of the appellants, and that therefore the mistake, if any, was that of the appellants, through their agent.

The fact that the respondent remained so long after the occurrence, attempted to be shown by the appellants, which was, according to their own testimony, in August or September, 1882, is a circumstance tending to show the fact that the respondent was authorized to issue these time-checks.

All these were circumstances tending to establish the

fact of respondent's authority, and from which the jury might find such authority. There was, therefore, substantial evidence to support the verdict, except in the particular hereafter mentioned. *Toombs* v. *Hornbuckle*, 1 Mont. 286; *Ming v. Truett*, id. 328; *Territory v. Reuss*, 5 id. 607.

In *Ming* v. *Truett, supra,* this court, by Wade, C. J., said: " But there being some evidence to support the judgment, the action of this court is restrained and controlled by a long course of decisions, which declare that the judgment of the lower court will be affirmed if there is evidence to support it." There is no conflict in the testimony that $16 of the amount of this judgment, which was for the full amount claimed by the respondent, was due from the appellant Perkins alone, and not from Perkins & Calfee.

The judgment must be reduced in the sum of $16, and when so modified the same is affirmed, with costs.

*Judgment affirmed.*