### J. W. ABERNETHY ET AL. *v.* THE WAYNE COUNTY BRANCH OF THE STATE BANK OF OHIO.

A difference of opinion between the jury and this court, upon a question of motives and intents to be inferred from facts proved, and where the verdict involves the forfeiture of a debt, is not sufficient ground for this court to set aside the verdict.

In error to the District Court of Knox county.

The original action was brought by the defendant in error on a bill of exchange for one thousand dollars, dated May 9th, 1850, due in sixty days, and payable at the Bank of North America, Philadelphia.

The defense set up was, that the bill was void, under the provisions of the 61st section of the charter of the bank. That section is in these words:

" Every banking company deriving any of its powers and privileges from this act may take, reserve, receive and charge, on any loan or discount made, or upon any note or bill of exchange, or other evidence of debt, at the rate of six per centum per annum on the amount of any such note, bill of exchange, or other evidence of debt, so discounted, and no more : Provided, however, that interest may be received, or taken in advance, at the time of making the loan or discount, according to the usual rules, or as calculated in Rowlett's tables ; and the knowingly taking, reserving, or charging on any debt or demand payable to such company, of a rate of interest greater than that allowed by this section, shall be held and adjudged a forfeiture of such debt or demand ; but the purchase, discount, or sale of a bill of exchange payable at another place than the place of such purchase, discount or sale, at the current discount or premium, shall not be considered a taking, reserving, or receiving interest : Provided no agreement or *understanding* shall be made that the same shall. be paid at any other place than that at which it is made payable." Swan's Stat., page 99.

The case was tried to a jury, at the May term, 1854, of the district court, and resulted in a verdict for the defendant in error.

Thereupon the plaintiffs in error filed a motion for a new trial, upon the ground that the verdict was against the evidence and the law of the case. The motion was overruled.

The error relied on is, that the district court erred in not granting a new trial.

On overruling the motion for a new trial, a bill of exceptions was taken, embodying all the evidence.

From this it appears that the loan was originally made October 20, 1848, and that it was renewed from time to time—sometimes with a change of sureties—until the bill in suit was given.

The first evidence of debt given to the bank was a single bill for $1,000, dated October 20, 1848, made by J. W. Abernethy, S. Abernethy, John H. Cox, and E. Tegarden, due in sixty days, and payable at the bank.

About the time this bond matured, S. & J. W. Abernethy, the principals in the bond, wrote to the bank in regard to it.

Their letter was not in evidence, but the reply of the bank thereto is as follows :

" THE WAYNE CO. BRANCH BANK, }<br>" <em>Wooster, Dec. 13th,</em> 1848. }

" Messrs. S. & J. W. ABERNETHY :

" GENTS :—Yours of the 11th inst. has been duly received. This bank, as a general rule, requires notes that run four months to be paid in an eastern draft, or *its equivalent.* Although your bond is for sixty days, and payable here, yet if discounted so as to make four months, the directors think it *should come under the same rule.* The discount, if continued, will be $10.67. No new note necessary.

" I am, very respectfully,<br>" Your ob't servant,<br>" E. QUINBY, JR., *Cashier.*"

This bond was continued sixty days after maturity.

After the four months had expired, and on the 23d of February, 1849, this first bond was taken up by a new bond, made by the same parties, at sixty days.

This second bond was paid by a bill of exchange of the date of April 27, 1849, for one thousand dollars, at sixty days, drawn on

blank, and payable at blank, and made by the two Abernethys and Cox, and the present defendant, J. Weldon. At maturity, the current rate of exchange (about 1¼ per cent.) was charged and paid, (in addition to the six per cent. interest reserved,) as the cashier of the bank in his deposition says he thinks, and as a letter from him to J. W. Abernethy, of date of July 2d, 1849, tended to show.

This bill was paid by a bond made by the same parties at sixty days, payable at the bank, and dated June 29, 1849.

. At the maturity of this bond, a second bill of exchange, made by the same parties, and dated August 31, 1849, at sixty days, was executed in payment. This bill was made payable at the Bank of North America, Philadelphia, but, like the other, the name of the drawee was in blank.

This bill was never sent to the Bank of North America for collection. It was paid at the counter of the bank, and exchange was charged and received on it.

In payment of this bill, a bond, dated Nov. 2, 1849, at sixty days, was executed by the same parties, and paid by a third bill of exchange, dated January 4, 1850, at sixty days, payable at the Bank of North America.

In this bill, also, the name of the drawee was in blank. It was never sent to Philadelphia or elsewhere for collection, and exchange was charged and paid on the same.

The cashier was unable to state how the blanks in the bills were to be filled up.

It was paid by a bond of the same parties, dated March 9th, 1850, at sixty days, which last bond was paid by the bill in suit, executed by the two Abernethys and Weldon and H. Myers.

This bill was never sent away for collection, but retained by the bank until maturity.

*Sapp & Smith*, for plaintiffs in error:

The verdict is most manifestly against the evidence.

In the case of *Curtis et al.* v. *Jackson*, 13 Mass. 507, the court say " that if the verdict be clearly against the weight of

the evidence, justice undoubtedly requires the interposition of the court." See also *Webb et al.* v. *Pro. In. Co.*, 6 Ohio Rep. 472.

A verdict which is clearly against evidence, will be set aside, and a new trial granted.

*Wells* v. *Waterhouse*, 22 Maine 131; *Corlies* v. *Little*, 2 Green 373; *Munn* v. *Gardner*, 3 Brevard 31; *Hudson* v. *Williamson*, 3 Brevard 31; *McBride* v. *Whitehead*, Geo. Decis., Pt. 1, 165; *Childress* v. *Stone*, Ib., Pt. 2, 157; *Jenkins* v. *Whitehead*, 1 Smed. & Marsh. 157; *Scott* v. *Brookway*, 7 Mass. 61; *Wait* v. *White*, 5 Pike 640; *Gibson* v. *Gibson*, 9 Yerg. 329; *Cassell* v. *State*, 4 Ib. 149; *McCoy* v. *Martin*, 4 Dana 580; *Tiffin* v. *Forrester*, 8 Mass. 642; *Shobe* v. *Morris*, 6 Ib. 489; *Brown* v. *Handley*, 7 Leigh 119; *Mahan* v. *Johnston*, 7 Ib. 317; *Yale* v. *Yale*, 13 Conn. 185; *Wendal* v. *Safford*, 12 N. Hamp. 171; *Thomas* v. *Hatch*, 3 Sumner 170.

*H. B. Curtis & Scribner*, for defendant in error.

The verdict is not clearly against the evidence. This is not one of those cases in which a court is justified in controlling the finding of a jury upon the facts. *French* v. *Millard*, 2 Ohio St. Rep. 45; *McGatrick* v. *Wason*, 4 Ohio St. Rep. 556; 1 Sumner's Rep. 472; *Blagg* v. *Phœnix Ins. Co.*, 3 Wash. C. C. Rep. 58; *Johnson* v. *Davenport*, 3 J. J. Marsh. 391; *Clark* v. *Whitaker*, 19 Com. 330.

Courts never grant a new trial, in order to give a second chance of success to defendants setting up an unconscionable, or hard defense.

The defense in this case is unconscionable, and is an attempt to establish a forfeiture. "Forfeitures are odious to the law, and are never favored." *Farewell* v. *Chaffey et al.*, 1 Burr. Rep. 54, and cases there cited; *Smith* v. *Page*, 2 Salk. 644.

In *penal* and *hard* actions, and actions vindictive in their nature, a new trial will *not* be granted after a verdict for the defendant. *Seymour* v. *Day*, 2 Str. 899; *Mattison* v. *Alanson*, Id. 1238; *Smith* v. *Frampton*, 1 Ld. Raym. 62; S. C. 2 Salk. 644; *anonymous*, 2 Salk. 544; *Sparks* v. *Spicer*, Id. 648; *Dunkly* v. *Wade*, Id. 653; *Farewell* v. *Chaffey*, 1 Burr. 54;

*Reaveley* v. *Mainwarring et al.*, 3 Burr. 1306 ; *Norris* v. *Tyler*, Cowp. 37 ; *Jarvis* v. *Hatheway*, 3 John. Rep. 180 ; *Felter* v. *Whipple*, 8 John. Rep. 287 ; *Hurtin* v. *Hopkins*, 9 John. Rep. 36 ; *Steel* v. *Roach*, 1 Bay. 63 ; *Tagert* v. *Hill*, Taylor 277 ; *Jervis* v. *Hall*, 1 Wils. 17 ; 3 Wils. 59 ; *Brook* v. *Middleton*, 10 East's Rep. 268.   See also, 11 Wend. *329 ; 3 Paige Ch. 439 ; *Hurtin* v. *Hopkins*, 9 Johns. Rep. 36 ; Ib. 37, note a. The case of *Mansfield* v. *Wheeler*, 23 Wend. 79, is exactly in point.

J. R. SWAN, J., delivered the opinion of the court.

The verdict in this case depended upon the opinion of the jury as to the designs and motives of the officers of the bank, in the various transactions detailed.

A difference of opinion between the jury and this court, upon a question of motives based on circumstantial evidence, and where the verdict involves a forfeiture of a debt, is not sufficient ground for the court to set aside the verdict.   We should have been better satisfied with the verdict had it been for the defendants below ; for we incline to the opinion that the bills of exchange executed alternately, every one hundred and twenty days, were devices to obtain more than six per cent. on the loan to defendants below.   And we should incline to that opinion, although satisfied that it was carefully understood by the bank that there should be no express agreement that the paper should be paid at the counter of the bank, inasmuch as it was regularly paid there with the " equivalents."   Besides, it appeared from the testimony of the cashier that even he did not know upon whom the bills were drawn, or whose name as drawee was to be inserted in the bills.   Indeed, it may have been quite immaterial to the parties whether the bills were drawn on a fictitious person or upon nobody, as acceptance, demand of payment, protest and notice of non-payment were all waived ; and there was no drawee : the substance of the transaction seems to have been the " equivalents."   We should have therefore differed in opinion from the jury ; but that difference does not, for the reasons before mentioned, authorize us to disturb the verdict.

Whether a loan untainted by usury when made, will be forfeited by a subsequent stipulation or receipt of usurious interest upon it ; and if it will not, whether the discount of each bill or note on a single loan is a distinct transaction, it is not necessary to determine.

*Judgment below affirmed.*