CHAS. STEWART, Appellant, *v.* JONATHAN JONES, Respondent.

*Corporations — Franchise — Execution Levy.* — The franchise of a corporation cannot be levied upon and sold under execution.

*Appeal from St. Louis Court of Common Pleas.*

*Cline & Jamison,* for appellant.

*Hill & Jewett,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

This is an action brought by the appellant against the respondent, asking that the respondent be enjoined and prohibited from using the franchise of Jones' Commercial College. A demurrer was sustained to the petition and the cause was appealed.

In 1849, the Legislature of Missouri incorporated Jonathan Jones and such associates as he might select for professors as a body corporate under the name of Jones' Commercial College, for the purpose of teaching the elementary and practical parts of mercantile and commercial education. Afterwards the appellant recovered judgment against Jones, and the sheriff, in pursuance of an execution issued on the same, levied upon certain property, including the franchise of the college, and at the sheriff's sale the appellant became the purchaser.

This proceeding is a novel one under our law. The act of incorporation does not authorize a sale of the franchise on execution; and as the franchise has no tangible or corporate existence, we do not see upon what principle it could be levied upon. It is not among the enumerated interests which are the subjects of levy and sale in the statutes under the title of Execution ; and as it is entirely an artificial being, created solely for certain purposes, it cannot be seized, transferred, and used by others, without express proviso to that effect. The assets, goods, chattels and property of a corporation may be sold on execution so as to entirely arrest its usefulness or stop its operations ; but the franchise is not a subject of sale and transfer unless the law by some positive provision has made it so, and pointed out the mode and method by which the sale and transfer may be effected—Hall v. Sullivan R.R. Co., 21 Law Rep. 138 ; State v. Roes, 5 Ired. 306 ; Arthur v. Com. & R. B. of Vicksburg, 9 Sm. & M. 431.

Judgment affirmed. The other judges concur.