MING, respondent, *v.* TRUETT, appellant.

PROBATE JUDGE—*powers under town-site act.* The law which confers upon a probate judge the power to enter public lands for town sites and award town lots to the citizens, does not grant him any judicial powers, but prescribes his duties, which are ministerial.

PROBATE JUDGE—*compensation as attorney in his court.* A probate judge can practice as an attorney in his court, and is entitled to receive compensation for making applications for the entry of town lots and taking the affidavits to them at the request of his employer.

CRIMINAL LAW—*extortion.* A person who demands and receives illegal fees as an officer, or under the color of his office, is guilty of extortion.

PRACTICE—*judgment—presumption in favor of.* This court will presume, if the contrary does not appear upon the record, that the court below found facts sufficient to support the judgment.

PRACTICE—*judgment—conflicting evidence.* This court will not reverse a judgment, if the testimony is conflicting, although the weight of evidence appears to be against the finding of the court below.

ILLEGAL FEES—*recovery of.* A civil suit to recover illegal fees, which had been demanded and received under color of office, can be brought against an officer who has not been convicted in a criminal action.

*Appeal from the Third District, Lewis and Clarke County.*

MING commenced this action against Truett, probate judge of Lewis and Clarke county, to recover $396, being treble the amount of fees that were alleged to have been illegally charged and received by said Truett, as such judge, in Octo-

ber, 1869. The case was tried by SYMES, J., who rendered a judgment for Ming. This action was brought under the following statute, approved January 14, 1869 : "If any judge * * * or other officer * * * of this Territory, ministerial or judicial, shall receive or take any fee or reward, to do or execute his duty as such officer, except such as is or shall be allowed by law ; or if any such officer shall ask, demand or receive (either before or after service performed) any other or greater fees than are allowed by law, every such officer so offending shall be deemed guilty of extortion, and on conviction shall be fined in any sum not less than $200 nor more than $1,000, and on conviction be removed from office, and shall, at the suit of the party aggrieved, be liable for treble the amount of the fees so illegally charged and received."

The other facts appear in the opinion.

CHUMASERO & CHADWICK and G. MAY, for appellant.

The territorial statute, relating to extortion, exists in nearly every State, and has been often construed. All the authorities hold that the money received by the officer must have been paid him by the party aggrieved to do his duty as such officer. If the money demanded was for services rendered outside of his official duties, the case is not within the statute and respondent cannot sustain his action. *Shattuck* v. *Woods*, 1 Pick. 173 ; *Dunlap* v. *Curtis*, 10 Mass. 211 ; *Commonwealth* v. *Shed*, 1 id. 228. If the officer thought he had a right to the extra compensation, the action will not lie. *Runnels* v. *Fletcher*, 15 Mass. 525.

The testimony of appellant and Addoms shows that respondent requested them to make out the applications for the town lots, and that they explained to him that the money charged was in payment of such services, which the law did not require appellant to perform.

The action is criminal in its nature and must be supported by the same evidence that would support an indictment. In this case the weight of the evidence is in favor of appellant. It was not proven that the money received by appellant was

received for the performance of official business. *Hatch* v. *Mann*, 15 Wend. 48 ; *Commonwealth* v. *Pease*, 16 Mass, 93.

The judgment could not be rendered on the complaint, as it does not set forth sufficient facts to entitle respondent to recover. *Williams* v. *Hingham*, 4 Pick. 344. It is not claimed that appellant received the fees by virtue of a fee bill as probate judge.

Under the statute, under which this action is brought, a conviction under a criminal prosecution, by indictment, must precede the removal from office and the recovery of the penalty of treble damages. Respondent cannot recover unless he avers and proves such a conviction of appellant of extortion. The treble damages is a pecuniary penalty attached to a statutory punishment.

The judgment was against the evidence, and should be reversed. *Bedford* v. *State*, 5 Humph. 552 ; 1 Gr. & W. New T. 361, 367 ; 3 id. 1228–9 ; Hill. on New T. 47, 50.

W. E. CULLEN and S. WORD, for respondent.

The statement does not specify wherein the evidence is insufficient to justify the verdict, as required by the statute. Prac. Act, § 195 ; *Caldwell* v. *Greeley*, 5 Nev. 260 ; *Prales* v. *Pacific G. S. M. Co.*, 35 Cal. 37 ; *Beans* v. *Emanily*, 36 id. 121 ; *Butterfield* v. *C. P. R. R. Co.*, 37 id. 381, and cases cited.

The judgment cannot be reversed because the statement shows that there was some evidence to sustain it, although the testimony may be conflicting. Hill. on New T. 17, 21, 50 ; *McNeil* v. *Shirley*, 33 Cal. 202 ; *Hardenburgh* v. *Bacon*, 33 id. 356, and cases cited.

The legal presumption is in favor of the judgment of the court below. Error must be affirmatively shown. *Bellows* v. *Sackett*, 15 Barb. 96 ; *Grant* v. *Moore*, 22 N. Y. 323 ; *Oakley* v. *Van Horn*, 21 Wend. 305 ; *Phelps* v. *McDonald*, 26 N. Y. 82.

The imposition of new duties, or duties for the performance of which no fees have been given by the legislature, does not entitle the officer to any fee therefor. A charge

for such service is extortion.  Fees are never allowed by implication, nor can an officer charge reasonable compensation for the performance of such service.  *People* v. *Supervisors of N. Y.*, 1 Hill. 367 ; *De Boro* v. *Trustees of Cinn.*, 7 Ohio St. 237 ; *Andrews* v. *United States*, 2 Story, 202 ; *United States* v. *Brown*, 9 How. 487.

The complaint is sufficient under the statute.

KNOWLES, J.  The complaint in this action shows that the respondent paid appellant $4 per lot for thirty-three town lots, which he had made application to enter in the town plat of Helena, the same being appellant's fees, which the law allows for hearing proofs and executing deeds therefor, in accordance with the town site act of this Territory. That afterward appellant demanded of him $4 more per lot on said number of lots, as such fees, which respondent paid under protest.

Appellant's answer puts in issue these allegations in part, and avers that the first $4 per lot which he received of respondent were charges for making out thirty-three applications for the entry of said lots and taking the affidavits thereto, and that the same was done at the special instance and request of respondent.

If the appellant had established the truth of these averments in his answer, we would hold that he was not liable in this action.  The law conferring upon the probate judge the power to enter public lands upon which any town is located, and awarding to its citizens town lots under the provisions of law, does not purport to confer upon him any judicial powers.  The power is conferred upon him, and not upon his court.  He is simply designated as the trustee for the benefit of the citizens of the town.  His duties in allowing entries of lots are prescribed by law, and he acts in a ministerial capacity.  If he acted as a court, parties contesting the right to make entries would be entitled to a jury to decide upon the facts presented in the issue. The law, then, prohibiting probate judges from practicing

law in their own courts does not apply, as he does not sit in determining these questions as a court.

Admitting, however, that the probate judge, in allowing entries for town lots, does act in a judicial capacity, if appellant received this $4 per lot as attorney fees, for making out applications for entries, then this action does not lie.

This action is brought to recover fees and a penalty of appellant, which fees, it is claimed, were illegally demanded and received as fees allowed him, as probate judge, by law, for hearing proofs and executing deeds as prescribed by the aforesaid town site act. If they were demanded as attorney fees, and received as such, they could not be demanded and received as fees for the above-named purposes. This action will lie only in case of extortion. To constitute extortion at common law, and under the statute under which this action was brought, it must appear that the person accused demanded and received the illegal fees as an officer, or under the color of his office. The statute under which this action was brought is a penal statute, and must be construed strictly. No considerations of public policy would allow this court to construe it so as to embrace an offense not clearly within its terms. If appellant received these fees as attorney fees, and it was unlawful for him to receive an attorney fee in the case, still this would not amount to extortion, and this action would not lie, for he would not demand and receive such fees under the color of office. An action for money had and received might apply.

Finally, we do not think the fees set forth can be called exclusively attorney's fees. An attorney might receive such fees, and also any one who was not an attorney. It would not require any person to have a license to practice law, to be authorized to make such applications. Any one making out such applications could not, for this reason, be said to be practicing law, and required to procure a revenue license as such; and, as we have before seen, the tribunal in which the applications are filed is not a court. The making out applications for the entry of town lots, and taking the affi-

davits thereto, as prescribed by law, were not duties which appellant could be called upon to do as the duties of his office.

The court below, upon the trial, gave judgment for respondent. This court must presume that the court, as the contrary does not appear upon the record, found facts sufficient to warrant the judgment. In other words, this court must presume, as the contrary does not appear, that the court below found that appellant did receive these fees as probate judge, and as fees allowed him by law for performing the duties of his trust. This being found, $4 per lot of these fees were undoubtedly illegal, and the demanding and receiving of them, under our statute, was extortion.

The testimony presented in the record is conflicting upon this point; and, although it may appear to us that the weight of evidence was against the conclusion arrived at, the well-settled principles of law will not allow us, in such cases, to interfere.

The court below observes the witnesses, their character, their manner and the probabilities of their evidence, and is intrusted with the delicate and often difficult task of giving such weight to the testimony of each one as seems to him just and proper; and it must be considered by us that, in so regarding the evidence in the court below, in this case it was found that the weight of evidence was in favor of respondent.

We do not think the point well taken, that appellant should have been convicted in a criminal action before this one would lie. This action should not depend upon the criminal action. There is no reason in requiring a party to allege and prove that any one complained of had been convicted of the crime of extortion before he would be entitled to recover in a civil action, as this fact would have no bearing on the gist of the issue, namely : as to whether, under the color of office, illegal fees had been demanded and received. Surely the record in the criminal case could not be introduced to prove this. If so it would be conclusive, and no jury would be needed to determine the issue. The

determination of the criminal action, in fact, would determine both. Such cannot be the proper construction of the statute. A reasonable construction of a statute must be made if possible.

The judgment of the court below is

*Affirmed.*

The appellant applied for a rehearing in this case at the August term, 1871.

WADE, C. J. This case was tried at the January term of this court, 1871, and it is now before the court upon a motion for a rehearing on behalf of the appellant. If we could look at the evidence in this case as disclosed by the record, we should have no hesitation in reversing the judgment of the court below, for the reason that the evidence clearly and decidedly preponderates in favor of the defendant. But there being *some* evidence to support the judgment, the action of this court is restrained and controlled by a long course of decisions which declare that the judgment of the lower court will be affirmed if there is evidence to sustain it. This rule has been too long settled to be now disturbed, and although it may work injustice in particular cases, yet the experience of a long period of time has vindicated its wisdom and propriety.

This is a civil action, and the rule that the evidence must exclude every reasonable doubt does not apply.

To set aside a verdict or judgment in a case where there was evidence on both sides, there must be such a preponderance of evidence as to satisfy the court that there was either an absolute mistake on the part of the jury or that they acted under the influence of prejudice, passion or corruption. *Cohen* v. *Dupont*, 1 Sandf. 260 ; *McGetrick* v. *Wason*, 4 Ohio St. 566.

If there was a conflict of evidence on a question of fact, rightly submitted to the jury, the court will not, in general, grant a new trial on the ground that the verdict is against

evidence, even though they deem the conclusion reached by the jury erroneous. *Winthell* v. *Latham,* 6 Cow. 682; *Fleming* v. *Holenbeck,* 7 Barb. 271; *Adsit* v. *Wilson,* 7 How. Pr. 64; *Mackey* v. *N. Y. C. R. R. Co.,* 27 Barb. 528; *Stoddard* v. *Long I. R. R. Co.,* 5 Sandf. 180; *Arbenthy* v. *Wayne Co. Bank,* 5 Ohio St. 266.

The findings of a court when substituted for a jury are entitled to the same consideration as the verdict of the latter. *Merrick* v. *Bowrey,* 4 Ohio St. 60.

These rules apply with much stronger force in an appellate court where the evidence, as spread upon the record, is necessarily imperfect, and where the means of weighing the feeling, the interest, the passion, or the prejudice of the witness, is beyond our reach.

*Rehearing denied.*