Tlie opinion of the Court was delivered by
Bermcdez, C. J.
The plaintiff has enjoined the defendant from judicially selling % frame structure at the Spanish Fort on the Pontchartrain Lake shore, and a franchise granted hy municipal ordinance, of the right of way from a central point in the urban part to said Fort and shore.
The ground of opposition to tlie seizure is, that the building and the right of way belong to the plaintiff and not to defendant’s judgment debtor.
The defenses are: that tlie structure is not on plaintiff’s land, was not constructed hy plaintiff or any one for its account, and that the right of way, which was granted by the City of New Orleans to defendant’s judgment debtor, lias never passed to plaintiff an.d still is. the property of that debtor.
There was judgment decreeing the building to belong to defendant’s debtor, and the franchise to have enured to the plaintiff, and not to be liable to the seizure effected of it.
From the judgment so rendered both litigants appeal. '
For a proper understanding of the merits of tbe case, a clear Knowl *1226 edge of the established facts, in their chronological order, is of great value.
On the 3f)tlx of May, 1873, a corporation styled “The Canal Street, City Park and Lake Railroad Company” was created. By Ordinances 22(54, 2548 and 3146, a right of way was granted it l>y the Municipal Council, to extend from the neutral ground on Basin street, near Canal-street, in the Second District of New Orleans, through a determined route to the Lake shore at the Spanish Fort.
This Company went into bankruptcy and on the 29th of November, 1876, the property surrendered was ordered to be sold, part cash and part on credit, with vendor’s lien and mortgage. The advertisement described the railroad, main track and branches, the stations, the buildings, car fixtures, stock and other effects and all the franchises of the Company.
On the 14th of July, 1877, at the sale, an adjudication was made to T. II. Handy, part cash aud part on time, the notes to be secured by vendor’s lien and special mortgage, with the clause de non alienando.
This sale was confirmed by the Bankrupt Court at its November term, and an act of sale was ordered to bo executed by the special master, winch was- passe(i on January 26th, 1878, describing what purported to have been sold, including the franchises or right of way granted by the City.
On the 31st of January, 1878, another corporation by the same name as the defunct one was formed for like purposes.
On the 22d of May, 1878, the City Council granted to it, by Ordinance 452.3, rights similar to those previously conceded to the first Company.
On the-15th of August, 1878, Handy assumed to transfer to the Company all the property which he had acquired on the 14th of July previous, on the assumption by the corporation of his debts and liabilities as adjudicatee and purchaser.
Subsequently, one of the notes thus assumed having matured and remaining unpaid, executory process issued, the property affected was seized and on the 8th of March, 1879, was adjudicated to Moses Schwartz & Bro.
On the 31st of March, 1879, another corporation, the present plaintiff, was formed for objects similar to those which the previous corporations-had proposed to carry out.
On the 9th of April, 1879, Schwartz & Bro. transferred to it the property, and in terms the franchise also.
On the 25th of October, 1879, the defendant, Delamore, who had obtained judgment against the second corporation, levied his writ on the frame building already mentioned, known as the “ Payillion,” and *1227 on tlie right, of way granted that corporation by the City by Ordinance 4523, adopted May 25th, 1878.
The questions presented are :
1. Whether the Pavillion belongs to the plaintiff.
2. Whether the franchises or right of way first granted by the City to the first Company passed to Handy; whether they next were transferred by him to the second Company; whether they, or those conferred by Ordinance 4523, afterwards passed from it under the executory proceedings to Schwartz & Bro., and whether they were finally transferred by the latter to the present plaintiff.
. First. We do not think it necessary to decide -presently, whether the soil on which the “ Pavillion” was built forms part of tlie realty which the plaintiff acquired from Schwartz & Bro. Tlie contention is not about that soil but about tlie building.
The evidence shows that the structure was connected with plaintiff’s undisputed land and was for its exclusive use; that it had been put up for his purposes by a third party, before the plaintiff had acquired any existence, and that it was finished or completed by the second Company. We hear no complaint in this suit, either from such party or from such Company, unless it be through Delamore championing its rights. The building was in existence, and such as it is attached to and in the use of the land when the writ was executed against the Company. The advertisements included the land and all its accessories. By the adjudication to Schwartz & Bro., the Pavillion passed from the ■Company to them and it afterwards was transferred by them to tlie plaintiff, who therefore owns it to the exclusion of the creditors of the Company, who had not previously expropriated it.
Second. The right of way granted by the City to the first Company ■was not transferred to its creditors. It did not-, therefore, pass to Handy at the bankruptcy sale. It had reverted to the grantor, Handy, who had not, therefore, acquired it, did not encumber and did not transfer it to the second corporation, which consequently never owned it. 2 Kent, Ed. 1867, p. 333, note.
The City authorities granted the second corporation a similar right of way, which was accepted by it. This acceptance negatives the theory that this corporation acquired the right of way adjudicated to Handy at the sale of tlie assets by tlie special master.
This right of way granted by the City to the second Company, by Ordinance No. 4523, was never mortgaged at all by it, still less seized and sold. The plaintiff claims that the grant was a superfluity, but this is not so. As the first right of way was not surrendered, was not sold, was not transferred to the second Company, but bad reverted to *1228 the City, it was not sold to Scliwartz & Bro., who did not, therefore, acquire and did not sell it to tho plaintiff.
The second Company was created under the general laws of the State, and had the right to “ borrow money” for the construction or repairs of the road. “ For that purpose,” it could issue bonds and secure them by mortgage upon tho franchises and all the property belonging to it. R. S. 692, 693, 2398 ; Redfield II, 408.
Had it done so, and on its failure to pay had the property and franchise encumbered been sold, the purchaser would have stepped in its place and would have acquired and held both.
But the Company had no right, when it made the purchase from Handy, to secure the price of sale, as it did, on the franchise which was inalienable. It did not mortgage for any purpose the franchise or right of way conceded by Ordinance 4523.
It could have mortgaged the franchise and thus made it liable to seizure, sale and. transfer, if the mortgage had been consented to secure the payment of money borrowed for the construction or repairs of the road. It has not done it, and what was otherwise done is of no effect.
It is settled by numerous authorities that the franchises and corporate rights of a Company and the means vested in them, which are necessary to tho existence and maintenance of tho object, for which they were created, are incapable of being.grantedaway and transferred by any act of the Company or by any adverse proceeding, unless with the consent of the donor or grantor form ally expressed. In the absence of any provision to that effect, either in the general law or in the charter, it is settled that the franchise cannot be levied upon for debt.
The argument is unwholesome that the Statute which authorizes the mortgage of the franchise in certain cases was designed merely to make the franchise mortgageable, which otherwise, not being a real right, would not be so. The intent of the law may have been such, but the main object was to make the franchise transferrable, as without such a law it would not be so.
The franchise so termed in this case is nothing more than a right of way. The franchise proper is the right to become a corporation, and when such to exist and operate. Tho right of way is an incident growing out of such existence and which determines with the extinction of corporate life. It is a personal servitude, the exercise of which was confined to the grantee in default of stipulation to the contrary', and which is dissolved when the grantee ceases to exist or forfeits the right to enjoy it. R. C. C. 722, 821.
The grant or license conferred by the municipal ordinance was a *1229 mere right of way. It does not come within the definition of a franchise, which the City could not confer and which derives only from .sovereign dispensation. 73 Ill. 548; 4 Kernan, 506.
A corporation is an artificial being which the law alone can create. When created it cannot transfer its own existence into another body, nor can it enable natural persons to act in its name, as its agents. The franchise to be a corporation is, therefore, not a subject of sale and transfer, unless the law by some positive provision has made it so and pointed out the modes in which such sale and transfer may be effected.
When the. sovereign covenants and agrees that a certain corporation ,shall administer certain franchises, its ordinary judgment creditors may sell its property, but not its franchises. They are beyond the reach of an ordinary execution. It is a State prerogative to put the administration of its franchises into such hands as it may choose. Those franchises cannot be transferred to other hands without the consent of the grantor. Neither the franchise nor the right of way could be transferred. Hence, neither has passed at the bankruptcy alleged sale thereof. If neither passed to Handy, he transferred nothing to the second Company, which having- acquired none, transferred none to Schwartz & Bro., who having purchased none, conveyed none to the plaintiff.
We do not understand the plaintiff as claiming any other title from Schwartz &Bro. thau such as they may have acquired from the second Company, at the seizure and sale brought about by the non-payment by it of the obligations of Handy, assumed by it in the sale from Handy to it, of the franchise said to have been acquired at the marshal’s sale,' in the bankruptcy proceedings. The plaintiff does not claim to have acquired through its authors the right of way granted by the City to the second Company by municipal ordinance. The petition repudiates the idea that the second Company acquired the right of way otherwise than from Handy and by him in the bankruptcy proceedings of the first Company. 2d Kent, Ed. J867, p. 333, Note; Stewart vs. Jones, 40 Mo. 140; Susquehanna Canal Co. vs. Bonham, 9 Watts & S. 27, (Pa.); Arthur vs. Commercial Bk., 9 Smed. & M. 394, (Miss. Ct. of Appeals) ; Randolph vs. Larned, N. J. Ct. of Errors, 17 N. J. Eq. 557 ; 73 Ill. 541; 28 L. An. 222 ; 93 U. S. 222; 12 How. 40 ; 10 Allen, 448; 2 Kent, 305, 307, 284; Angell & Ames on Corp., Ed. 1875, Sec. 191, pp. 163 to 165, and Notes; Redfield on Railways, 2d Ed. 1869, pp. 462, 466,478, 491, 553, and Notes.
Whether the right of way’ under Ordinance 4523 has continued to exist and vests in the second Company, is a question which we will not assume to determine in the present controversy. When the question will bo presented in proper form and between the proper parties, *1230 we will determine whether the right of way was or not a franchise., was or not a license, was or not personal and intransmissible, reverted or not to the City.
All that we are called upon now to determine is, whether it ivas or not acquired by the plaintiff, who has in this suit asserted title to it. That question we answer in the negative. 44 N. H. 127; 8 Gray, 575; 73 Ill.541.
We wish to be understood as not deciding whether or not that right of way exists and vests in defendant’s judgment debtor.
■ It is, therefore, ordered and decreed that the judgment appealed from be Reversed; and proceeding to render such judgment as should have been rendered, it is ordered, adjudged and decreed that the injunction herein issued be perpetuated as to the frame building known as the “ Pavillion,” and that in other respects it be dissolved, and that plaintiff’s demand be rejected, the costs of appeal to be paid equally by the appellants.
Rehearing refused.
Mr. Justice Fenner recuses himself, having been of counsel.
Levy, J. I concur with the Chief Justice and Mr. Justice Pocho in refusing the rehearing applied for in this case.
Todd, J., dissents 044 rehearing and thinks the rehearing should be. granted.