## CHAFFIN *v.* TAYLOR.

IN ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE
OF VIRGINIA.

This case falls within the decision in *Poindexter* v. *Greenhow, ante,* page 270, and is decided by it.

*Mr. William L. Royall, Mr. Daniel H. Chamberlain* [*Mr. William B. Hornblower* was with him on the brief], *Mr. Wager Swayne,* and *Mr. William M. Evarts* for plaintiff in error.

*Mr. F. S. Blair,* Attorney-General of the State of Virginia, *Mr. Richard T. Merrick,* and *Mr. Attorney-General* for defendant in error.

Mr. Justice Matthews delivered the opinion of the court.

This was an action in trespass *de bonis asportatis,* brought by the plaintiff in error against the defendant in the Circuit Court for the county of Henrico in Virginia, for the recovery of $150 damages for unlawfully entering upon the plaintiff's premises and seizing, taking, and carrying away one horse, the property of the plaintiff, of the value of $100.

The defendant justified the taking, &c., as treasurer of Henrico County, charged by law with the duty of collecting taxes due the State of Virginia on property and persons in said county, alleging that the property was lawfully seized and taken for taxes due from the plaintiff to the State, which on demand, he had refused to pay.

To this plea the plaintiff replied a tender in payment of the taxes, when demanded and before the trespass complained of, of the amount due, in coupons cut from bonds of the State of Virginia, receivable in payment of taxes by virtue of the act of March 30, 1871.

To the replication the defendant demurred specially, on the ground, first, that by the act of January 26, 1882, he was forbidden to receive coupons in payment of taxes, and, second, that by the act of March 13, 1884, an action of trespass would not lie in such a case.

In this demurrer the plaintiff joined, and assigned as a reason why it should be overruled that the two statutes mentioned and relied on by the defendant were repugnant to section 10, Article I, of the Constitution of the United States, and therefore null and void.

Judgment was rendered on the demurrer in favor of the defendant. Thereafter, on November 25, 1884, the plaintiff filed his petition in the Supreme Court of Appeals of Virginia for the allowance of a writ of error; whereupon, as the record recites, the petition, "having been maturely considered, and the transcript of the record of the judgment aforesaid seen and inspected, the court, being of opinion that said judgment is plainly right, doth deny the said writ."

To reverse this judgment this writ of error is prosecuted.

The judgment of the Supreme Court of Appeals is, in substance, a judgment affirming the judgment of the Circuit Court of Henrico County, and is, therefore, reviewable upon this writ of error by this court, the case being one which arises under the Constitution of the United States. *Williams* v. *Bruffy*, 102 U. S. 248.

The merits of the case are disposed of by the opinion in *Poindexter* v. *Greenhow*, in which it was decided that the act of January 26, 1882, and the act of March 13, 1884, were unconstitutional, and therefore null and void.

It is not denied that, but for these acts, the action of trespass would lie in such a case under the laws of Virginia; and as the acts relied on by the defendant must be treated as ineffectual for every purpose, they do not work a repeal of the previously existing law.

*The judgment of the Supreme Court of Appeals is accordingly reversed, and the cause is remanded to that court, with directions to take further proceedings, in accordance with law, in conformity with this opinion.*

MR. JUSTICE BRADLEY, with whom concurred THE CHIEF JUSTICE, MR. JUSTICE MILLER, and MR. JUSTICE GRAY, dissented. Their dissenting opinion will be found *post*, page 330, after the opinion of the court in MARYE *v.* PARSONS.