[No. 2288.]

DOBBINS, AS COUNTY TREASURER OF BOULDER COUNTY,
v. THE COLORADO & SOUTHERN RAILWAY
COMPANY ET AL.

**Taxes and Taxation—Railroads—Equity Proceeding.**

Where a railroad extends through more than one county, the county treasurer cannot sell the entire road nor any part

thereof for delinquent taxes, but he may maintain a proceeding in equity against the railroad company to establish and enforce the tax lien against its property.

*Error to the District Court of Boulder County.*

Mr. LEWIS S. YOUNG and Messrs. YEAMAN & GOVE, for plaintiff in error.

Messrs. DINES & WHITTED, for defendant in error, THE COLORADO & SOUTHERN RAILWAY COMPANY.

Mr. E. E. WHITTED, of counsel.

GUNTER, J.

General demurrer to amended complaint sustained. Judgment of dismissal. Therefrom this proceeding. The facts appear from the complaint.

During 1898, prior to December 29, The Union Pacific, Denver & Gulf Railway Company owned a line of railroad extending through Arapahoe, Boulder, Larimer and Weld counties, this state, also the rolling stock and other equipments used in its operation. This property was assessed for such year, and a tax levied thereon. December 29, The Colorado & Southern Railway Company became the purchaser of this property, and since, as owner, has operated it. December 31, the tax list, signed by the assessor, was delivered to the county treasurer as his warrant for the collection of taxes. A part of the taxes thus levied has not been paid. By the demurrer its legality is admitted. This action is by the treasurer of Boulder county to establish the validity of the tax, and by equitable relief compel payment.

Defendant in error, the railway company, denies that such action will lie, because not given by the legislative department.

The legislature has provided for the assessment of the property of railway companies for purposes of

taxation, also for the levy of taxes thereon. It intended that such interests should contribute by way of taxes their part of governmental expenses. It would seem reasonable that, such being the intent of the legislative department, it also contemplated that in default of payment a compulsory remedy should exist. It could scarcely have intended to leave the question of payment of taxes to the will of one class of taxpayers, when it has provided compulsory remedies against other classes. The authorities sustain this reasonable conclusion, and are, that when no provision whatever has been made for the collection of a tax, resort for its enforcement may be had to ordinary remedies, one of which is a proceeding in equity to enforce a lien for the tax against property.

"But instances have occurred of tax laws which provided for laying the tax, but made no provision whatever for collection. In such a case it may well be held that the legislature contemplated the enforcement of the tax by the ordinary remedies; and therefore, if the tax was assessed against an individual, that assumpsit would lie for its recovery. The same reason would support a proceeding in equity to enforce a lien for the tax when assessed, not against an individual, but against property."—Cooley on Taxation (2d ed.), 15, 16.

"Sometimes, also, the implication of an intent to give a remedy by suit may be so strong as to be conclusive; as where the statute provides for a tax, but is silent as to the method of collection."—*Id.* 435.

"Yet it must be admitted that the implication of an intent to give a remedy by suit may be so strong as to be conclusive, as where the statute provides for a tax, but makes no mention of any method of collection."—Black on Tax Titles, § 45.

"The general rule is that where the statute specifically provides a remedy for the enforcement of the

assessment, that remedy must be pursued; but if a right be given and no remedy prescribed, the courts will usually provide the appropriate remedy."—Elliott on Railroads, Vol. 2, p. 1116, § 791; *Territory of Kansas v. Reyburn,* 1 Kan. 551, 560.

"It is immaterial what you call the obligation of a citizen to pay his taxes; it is very clearly an obligation which may be enforced by the courts."—*United States v. Pacific Railroad,* 4 Dillon 66, 68.

This delinquent tax, under the statute, is a lien upon the section of road lying within Boulder county, but the law will not permit the county treasurer to sell such part of the road, or any of the personal property used in its operation, to compel payment. The reasons are, the railway company is a *quasi* public corporation, the continued operation of its road is a matter of public interest, and a sale of it in fragments would be its destruction as an entirety, and thus impair, if not destroy, its usefulness. Further, to sell in parcels would unnecessarily sacrifice the property to the injury of its creditors and stockholders. It can only be sold as an entirety.

In *Farmers Loan & Trust Company v. Whitehead, and Jones, Treasurer of Jefferson County, Colorado,* United States circuit court, this district, No. 3677, the treasurer of Jefferson county had sold for taxes a section of railroad lying in Jefferson county, the suit was to enjoin the conveyance of the property by tax deed. The railroad, a section of which had been sold, extended from Denver, Arapahoe county, to Golden, Jefferson county. A preliminary injunction was granted, and while there was a reversal in the circuit court of appeals, it was not upon the point for which the case is cited. The circuit court, speaking by Hallett, judge, said:

"The question presented in the bill is whether a sale may be made of a portion of the road and right

of way of the company in the manner stated, and it seems, upon authority, clear that no such sale can be made. It may be true that the entire road and its franchise may be sold in satisfaction of a tax levy, as upon other indebtedness due from the company, but a part of the road cannot be sold in that way, because the effect is to break up the property into several parts and make it unmanageable as a whole.

"There are two cases in the supreme court of the United States which show that a part only of the railway and franchise of a railway corporation or other public corporation cannot be sold upon execution under a judgment at law. The first of these cases is *Gue v. The Tide Water Canal Company,* 24 How. 257. The other is *East Alabama Railroad Company v. Visscher,* 114 U. S. 310.

"A sale for taxes is for all questions arising in this suit upon the same principle.

"There is also a federal case relating to the subject of taxes in 3 Wood 434, *State v. Atlantic & Gulf Railroad Company;* a decision which I believe has been uniformly recognized as sound ever since it was made. It relates to a tax sale, and is in all respects similar to the case under consideration."

"While there is a conflict of authority on this subject, the decided weight is that the right of way, if sold to pay the assessment, must be sold as a whole and not in broken fragments. The public have a right to have a railway remain an entirety, and it would be destructive to public interest to permit it to be broken up into disjointed and practically useless fragments."—Elliott on Railroads, Vol. 2, § 790.

"As we have elsewhere shown, it would be detrimental to the interest of the public, as well as to that of the railroad company and the lien holders, to permit a railroad to be broken up and sold in practically useless fragments, and, for this reason, it is generally

held that the lien must be enforced against the entire road and all of it may be sold, in a proper case, to satisfy a lien thereon. In some instances, however, the lien has been satisfied by sequestrating the earnings of the corporation or appointing a receiver, without a sale of the road.''—Elliott on Railroads, Vol. 3, § 1074; *Chicago & N. W. R. R. v. Forest County et al.,* 95 Wis. 80, 89.

The same principle which forbids the sale of the road in fragments forbids the sale of personal property used in its operation.

''If an office safe at a depot, in which the agent deposits and keeps his daily receipts and valuable papers, is useful and facilitates the successful operation of the road, it could no more be seized under execution than could a section of the rails or roadbed, or a water tank. These things are incident to the franchise, and cannot be disturbed. They are the means by which the franchise is exercised. They are the necessary instruments of its use.''—*N. P. R. R. Co. v. Shimmel,* 6 Mont. 161; *Chicago & N. W. R. R. v. Forest County et al., supra.*

In *Railroad Company v. Lewton,* 20 Ohio St. 401, the court decreed a sale of the entire railroad to satisfy a specific lien upon a section of the road, and *inter alia* said:

''Because a part may not be sold on account of the paramount right of the public to keep the highway intact, a necessity arises in order that justice may be done to the defendant in error to decree the sale of the whole line of the road to satisfy his lien.''

In *National Foundry and Pipe Works v. Oconto Water Co.,* 52 Fed. 43, 45, 57, it was said:

''Does the inseparable character of franchise and plant present an insuperable obstacle to the enforcement of a right? I think not * * *. As a matter of common equity, plant and franchise should be

decreed to be sold as an entirety. I think it within the inherent powers of a court of equity to so decree; not that the lien embraces the franchise, but because plant and franchise, by act of the defendant, have been rendered inseparable."

City of Covington v. District of Highlands, 68 S. W. (Ky.) 669, 672, was an attempt to collect a tax owing upon and constituting a lien upon part of the system of water works. The court said:

"In the case at bar the collecting officer could not levy upon the property of appellant and sell it at public outcry, because in both of the cases above cited we held that such proceeding was improper. Now to deny the taxing district the right to proceed in the court for the appointment of a receiver to collect the taxes would be to leave the question of their payment entirely within the will of the taxpayer. As the court had said that the proper proceeding is by the appointment of a receiver, after reasonable demand for the payment of taxes and a default, and as a receiver can be appointed only in a suit between litigants involving a lien upon, or the right to the possession of, the property in question, it necessarily follows that the taxing district is thus recognized as entitled to maintain its action for the purpose of the appointment of a receiver and for the collection of the taxes."

The question before us has not been ruled in this jurisdiction.

In Carlisle v. Pullman P. C. Co., 8 Colo. 320, 7 Pac. 164, an action for the recovery of money alleged to be due the county on account of taxes, the right of a remedy by suit was not decided; the decision was for the tax debtor upon other grounds.

In Toll Road Company v. Edwards, 3 Colo. App. 74, 32 Pac. 549, the county treasurer sued to recover a certain sum claimed to be due for taxes, had judg-

ment below and upon appeal. A single point, by agreement, was submitted as decisive of the case; it was not the one here involved.

*The Montezuma Valley Water Supply Company v. Bell,* 20 Colo. 175, 36 Pac. 1102, was an action by the county treasurer against The Montezuma Valley Water Supply Company and The Colorado Water Supply Company, to recover from the former taxes levied upon its personal and real property for 1887, 1888, to have such taxes adjudged a lien upon the realty, and to foreclose such lien. The county treas-urer had judgment below. The abstract of the record shows that all of the delinquent's property was in the one county, La Plata. The court held that the stat-ute provided a specific remedy, that it was adequate, and being so must be pursued. The opinion quotes approvingly the following from *Board of Education v. Old Dominion I. M. & M. Co.,* 18 W. Va. 441, as follows:

"It would seem necessarily to follow that, though a municipal tax was expressly declared by statute to be a lien, yet if a specific mode be provided whereby the land may be sold to satisfy such lien, no suit could be brought in a court of equity to enforce such lien; for the foregoing decisions show that the specific statutory mode of collection must be pursued, and other cases lead to the same conclusion."

As all the property of the tax debtor was in La Plata county, no reason existed why even if it was a *quasi* public corporation, which does not appear from the opinion, its property could not be sold as an entirety. If so, the statutory remedy was adequate. The gist of the holding was that because the statutory remedy was adequate, the action would not lie.

The property of which the section of road in Boulder county is a part is in its entirety in four counties. The county treasurer cannot sell the sec-

tion of road in his county, nor can he sell the road in its entirety, because parts of it are without his county. The tax has been laid, but no provision made for its collection. In such case the law contemplates the enforcement of the tax by ordinary remedies, one of which is a proceeding in equity to establish and enforce the lien for the tax against property. Such is the proceeding before us; the complaint stated facts sufficient to constitute a cause of action. The absence of a specific statutory remedy entitled, we think, the plaintiff in error to resort to a court of equity to compel payment of the tax.

Judgment reversed. *Reversed.*