Stewaht, J.
The sole error assigned in this court is that “the Court of Appeals erred in reversing the judgment of the *73 trial court for the reason that the granting of a new trial by the trial court was not an ‘abuse of discretion.’ ”
Plaintiff states that the question of law presented to us is, “Was the granting of a new trial to the plaintiff by the trial court a clear abuse of discretion which showed an unconscionable and arbitrary attitude?”
To solve the question presented to us, it is necessary to define the rights and duties of a trial court with reference to granting a new trial upon the weight of the evidence.
Section 2321.17, Revised Code, reads in part as follows:
“A new trial is a re-examination, in the same court, of the issues after a final order, judgment, or decree by the court.
“A final order, judgment, or decree shall be vacated and a new trial granted by the trial court on the application of a party aggrieved, for any of the following causes affecting materially his substantial rights:
i i * # #
“(F) That the final order, judgment, or decree is not sustained by sufficient evidence, or is contrary to law * *
Section 2321.18, Revised Code, reads as follows:
“The same trial court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case.”
It is seen from the foregoing statutes that a trial court is authorized to once review the evidence in a trial after a judgment and to grant a new trial if it finds that such judgment is not sustained by sufficient evidence.
It is obvious that a motion for a new trial with reference to the weight of the evidence is addressed to the sound discretion of the court, and this has been the law of Ohio from an early date. Conord v. Runnels, 23 Ohio St., 601, and Smith v. Board of Education of Bucyrus, 27 Ohio St., 44.
It follows that, where there is a motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence, a duty devolves upon the trial court to review the evidence adduced during the trial and to itself pass upon the credibility of the witnesses and the evidence in general. It is true *74 that, in the first instance, it is the function of the jury to weigh the evidence, and the court may not usurp this function, but, when the court is considering a motion for a new trial upon the sufficiency of the evidence, it must then weigh the evidence. A court may not set aside a verdict upon the weight of the evidence upon a mere difference of opinion between the court and jury. Remington v. Harrington, 8 Ohio, 507; McGatrick v. Wason, 4 Ohio St., 566. See Abernethy v. Wayne County Branch of State Bank of Ohio, 5 Ohio St., 266. But, where a court finds a judgment on a verdict manifestly against the weight of the evidence, it is its duty to set it aside. Cleveland & Pittsburgh Rd. Co. v. Sargent, 19 Ohio St., 438.
Where the evidence is such that a case must be submitted to a jury to find for either the plaintiff or defendant, and where the trial court after its review of the evidence on a motion for a new trial is convinced that there is insufficient credible evidence to sustain a judgment upon a verdict, such court may grant not more than one new trial for that reason. Since such an action on the part of a court rests solely within its sound discretion, it is not reviewable except upon the question of an abuse of that discretion.
It is contended that the granting of a new trial upon the weight of the evidence amounts to a substitution of the finding of the trial court for that of the jury, but a careful consideration of this contention demonstrates its fallacy. If a court finds a judgment to be against the weight of the evidence and thereupon enters a judgment contrary to a verdict of a jury, where there is evidence sufficient to send the case to a jury, such action amounts to a substitution of the finding of the court for that of the jury and is highly erroneous. However, in granting a new trial, no judgment is substituted for one on a verdict of a jury but simply another trial must be had.
A common example exemplifies the soundness of the foregoing proposition.
Ever since the case of Pendleton Street Rd. Co. v. Rahmann, 22 Ohio St., 446, this court has followed the syllabus in that case, which reads as follows:
“Where the damages assessed by a jury are excessive, but not in a degree to necessarily imply the influence of passion or *75 prejudice in their finding, the court, in the exercise of a sound discretion, may make the remittitur of the excess the condition of refusing to grant a new trial. ’ ’
See, also, Chester Park Co. v. Schulte, Admr., 120 Ohio St., 273, 166 N. E., 186, and Larrissey, Admr., v. Norwalk Truck Lines, Inc., 155 Ohio St., 207, 98 N. E. (2d), 419.
Now, if a court grants a remittitur upon the ground that the amount of the verdict is against the weight of the evidence and, without the consent of the one who secured the verdict, enters a judgment in the reduced amount, that constitutes a substitution of the finding of the court for that of the jury and is erroneous. However, where the court makes the acceptance of the remittitur a condition to not granting a new trial upon the weight of the evidence, such action has been uniformly held to be a proper exercise of its function by a court and not a substitution of the court’s finding for that of the jury.
Prom what we have said, it follows that, in order to reverse the action of a court in granting a new trial upon the weight of the evidence, it is necessary to show an abuse of discretion upon its part, and we have held that the meaning of the term, “abuse of discretion,” in relation to the sustaining of a motion for a new trial implies an unreasonable, arbitrary or unconscionable attitude upon the part of the court. Steiner v. Custer, 137 Ohio St., 448, 31 N. E. (2d), 855, and Klever v. Reid Bros. Express, Inc., 154 Ohio St., 491, 96 N. E. (2d), 781.
Assuredly this holding is sound as it relates to the sustaining of a motion for a new trial upon the weight of the evidence.
In the present case, we can not see where the trial court abused its discretion in sustaining the motion for a new trial. It is true that in its entry, after reciting that the verdict was manifestly against the weight of the evidence, there is the additional statement that the defendant’s negligence was the sole proximate cause of the collision and plaintiff’s injuries. Although such a statement is superfluous, it simply indicates the earnestness of the court’s conclusion that upon a review of the evidence there was not sufficient credible evidence to justify the verdict and does not of itself indicate an unreasonable, arbitrary or unconscionable attitude of the court.
It is contended that, because the jury answered an inter *76 rogatory to the effect that the headlights on the motor vehicle driven by the plaintiff were not lighted at the time of its collision with the motor vehicle driven by the defendant and because the jury wrote on its verdict form, “We believe that there was negligence on the part of both parties to this accident,” the court was foreclosed from reasonably setting the verdict aside. However, what the jury wrote on the verdict form, as quoted above, was entirely superfluous, and where the court finds that the verdict is not sustained by sufficient evidence, it may likewise find the answer to the interrogatory to be against the weight of the evidence.
It is true that under Section 2315.16, Revised Code, a jury, where either party requests it, must specially find upon particular questions of fact, blit where the evidence concerning such a fact is such that it must be submitted to the jury, the court may, in its sound discretion, find the jury’s answer to an interrogatory on such issue to be against the weight of the evidence, upon the same reasoning as it finds a general verdict to be against such weight.
. Since there is no showing in the present case that the trial court showed any unreasonable, arbitrary or unconscionable attitude on its part in sustaining the motion for a new trial, the Court of Appeals was in error in finding an abuse of discretion upon the part of such trial court. Therefore, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for a new trial.

Judgment reversed and cause remanded.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and Herbert, JJ., concur.