TRAVIS et al., respondents, *v.* McCORMICK, appellant.*

PRACTICE — *conflicting evidence.*  The judgment of the court below will not be reversed if the evidence is conflicting.

MORTGAGEE — *personal property* — *issue of diligence.*  It is a mixed question of law and fact to determine the issue respecting the use of due diligence by the mortgagee of personal property to obtain possession of the same.

MORTGAGEE — *diligence* — *possession of property.*  The mortgagee of personal property, who makes no effort to obtain the possession thereof, within a month after the maturity of his debt, does not use the diligence that is required by law.

*Appeal from the Third District, Lewis and Clarke County.*

THE facts appear in the opinion and the report of the case at the January term, 1870 (*ante*, 148).  The action was tried by the court, SYMES, J.

CHUMASERO & CHADWICK, for appellant.

---

* Case affirmed.  *Travis* v. *McCormick, ante,* 148, affirmed.

W. F. SANDERS and J. J. WILLIAMS, for respondents.

The only question presented is, the sufficiency of the diligence used by respondents to secure the possession of the mortgaged property. The statement that in Illinois a mortgagee should not delay one or two days is an illustration and not the assertion of a principle. Silence might sometimes be wiser diligence than many inquiries. Travel might sometimes not be diligence. No general rule can be established. The situation of the parties and the facilities of intercourse must be considered. *Reed* v. *Eames*, 19 Ill. 594; *Cass* v. *Perkins*, 23 Ill. 383.

If the facilities for finding the property were poor, and for hiding it absolutely good, if legal proceedings were of no probable avail, the length of time making due diligence would be modified. The court below found that due diligence had been used. Appellant asks that this finding of fact be reversed. Respondents claim that there should be a rehearing on the ruling in this case, at the January term, 1870.

SYMES, J. This was an action for the possession of personal property. The plaintiffs below claimed the possession of the horse in dispute, under a chattel mortgage executed to them by the vendors of defendant, who claimed the horse as an innocent purchaser after the debt the mortgage was executed to secure had become due, and contending that the plaintiff did not take possession of the horse or use due diligence to obtain possession after the debt became due.

The case was tried before the court below, and judgment rendered for plaintiffs. Motion for new trial overruled, and appeal taken from judgment and order refusing new trial.

The only question presented in the case is, did the respondent use such diligence as the law requires, or due diligence in endeavoring to obtain possession of the horse, when the condition of the mortgage became absolute. Section 3 of our chattel mortgage law provides that the property may remain in the possession of the mortgagor until the mortgage becomes due, if it is specified in the mortgage.

This court decided in this case when brought here, on the order of the court below, sustaining a demurrer to the answer, that the property could remain with the mortgagor no longer than the time when the condition of the mortgage became absolute, and that the mortgagor must use due diligence to obtain possession of the property immediately after, and referred to decisions in the State of Illinois to sustain the position.

When there is a conflict of evidence, this court will presume the findings of the court below correct, and will not disturb the judgment, although it appears to be against the weight of evidence as shown in the statement.

But in this case the question of diligence is a mixed question of law and fact, and there being no conflict, but the case resting entirely on the testimony of the plaintiff, we must see if his testimony, as it appears in the statement on motion for new trial, constitutes, in law, such diligence as the mortgagor is bound to use as against innocent purchasers, after the mortgage becomes due, to obtain possession of the property.

Plaintiff, Travis, testified that when his book-keeper notified him the note was due, he inquired of several persons as to where the horse was; that he did not remember who any of them were; that the horse was somewhere about Helena; that he inquired of a man who had cattle on the Missouri river; did not recollect when the note became due; inquired of persons who knew mortgagor, and was informed he had gone to the Musselshell; supposed the horse was on the Missouri river, and inquired of a man living there; that this was all the search he made. Saw horse before the note became due, but not after, until I saw him in possession of defendant; never went out to make search; did not know how long after note became due before I made inquiry. The debt became due 1st of May, 1869, and the defendant purchased the horse about the 1st of July.

This evidence does not show due or legal diligence. The plaintiff testifies it might have been a month before he made

any inquiry, or any effort to get possession of the horse, after the debt became due ; that he did not make any search for the horse, but inquired of persons, he did not remember who, etc.

The Illinois supreme court has decided, under a similar statute to ours, that neglect of one or two days to take possession after mortgage became absolute, when property was in same town, would defeat title as against an innocent purchaser.

If the evidence in the statement showed that plaintiff made inquiry as soon as practicable after the debt became due, and learned that the horse was at Musselshell, in the Indian country, not accessible with the mortgagor, it might be diligence to keep a look out for the property until it came within reach, and then take, or endeavor to take; the possession of it. The law only requires practicable and due diligence under all the circumstances surrounding the case. The evidence in the statement not showing this, the case is reversed and remanded for new trial.

*Judgment reversed.*