## McFarland, respondent, *v.* Cutter et al., appellants.

Practice — *judgment if demurrer is illegally filed.* A party who withdraws his demurrer to a verified complaint, and obtains leave to file an answer thereto at a certain time, cannot then file another demurrer; but if another demurrer is filed, the court may disregard it and enter judgment for the want of an answer.

Promissory note — *suit is a demand.* A promissory note which is payable " on demand," requires no other or previous demand than the commencement of a suit thereon.

Pleading — *complaint — allegation of — account stated.* A complaint contains a sufficient allegation of an account stated, which sets forth that the parties accounted together on a certain day of, and concerning certain work and labor, the wages due therefor and the amounts paid thereon, and that it was found and ascertained that there was due the plaintiff a certain sum which the defendants then and there agreed to pay.

Practice — *findings — no exceptions to interest.* This court will not review the computation of interest in the judgment, if no exceptions were properly taken to the findings of the court below.

*Appeal from the Third District, Lewis and Clarke County.*

In March, 1871, the court, Warren, J., rendered judgment in favor of McFarland. The promissory note, set forth in the complaint, was as follows:

"Fort Shaw, M. T., *May* 14, 1870.

" On demand, we promise to pay Joseph J. McFarland, five hundred and fifty dollars for value received ($550).

"CUTTER & TAYLOR."

[Stamp.]

The other facts appear in the opinion.

E. W. & J. K. Toole, for appellants.

The court erred in rendering judgment while the demurrer was on file and not disposed of.

No interest could be recovered on the note sued on. If the writ was a demand, interest could only be recovered from the date of the commencement of the suit.

Chumasero & Chadwick, for respondent.

The first demurrer was confessedly bad. The second demurrer was frivolous, and should have been treated as a nullity. The court properly entered judgment for respondent. *Manning* v. *Tyler*, 21 N. Y. 569.

On appeal from a judgment on a frivolous demurrer, the judgment will not be reversed unless the court is of the opinion that the demurrer should be sustained. Voorhies' Code, 365, *g, h.*

No demand was necessary on the note before suit. Story on Prom. Notes, § 29 ; *Zeil* v. *Dukes*, 12 Cal. 482; *Bell* v *Sackett*, 38 id. 409 ; Byles on Bills, 499.

Where the complaint is verified, and defendant fails to answer, the plaintiff is entitled to judgment for the amount claimed without proof. *Tuolumne R. Co.* v. *Patterson*, 18 Cal. 415.

Interest is recoverable from the date of the note. Acts 1865, 535, § 2. Any error in computing interest should

have been corrected in the court below. *Whitney* v. *Buckman*, 13 Cal. 536.

Murphy, J. This action is brought to recover the principal and interest on a promissory note, executed by defendants on the 14th of May, 1870, for $550, and payable to plaintiff "on demand;" and also to recover a balance of $378 in favor of plaintiff, on an account stated between plaintiff and defendants on the 28th of December, 1870.

In the court below the defendants filed a demurrer to the complaint, which, on their own motion, was afterward withdrawn, and leave given to file an answer by a certain day.

On the day fixed, instead of an answer, defendants filed a second demurrer to the complaint, on the grounds, first, that the complaint alleges no demand of the note; and, second, that it does not state whether or not the account is an account stated.

This last demurrer seems to have been entirely disregarded by the court, the record disclosing no action on it whatever; and on the 24th of March, 1871, on motion of plaintiff, the court proceeded to enter up judgment against the defendants, and in favor of the plaintiff, for the sum of $985.15, being the full face of the note, with interest from the date thereof, and the full amount of the account stated, with interest from date of statement, and also for the costs and disbursements of plaintiff in the suit, amounting to $126.45.

From this judgment the defendants have appealed to this court.

It is insisted here by appellants that the court below erred in rendering judgment, while their demurrer was on file, without first disposing of it.

The court, in permitting the first demurrer to be withdrawn, in its discretion only, granted leave to defendants to file an answer; but instead of filing an answer, in compliance with the order of the court, they filed another demurrer, which, to say the least, was irregular, and might have been considered a contempt of court; and the court

had a perfect right, in the further proceedings of the case, as it appears to have done, to take no notice of it whatever, and treat it as a mere nullity.

And if the court had chosen to regard it at all — if, indeed, it could have properly done so — the demurrer could not have been sustained, because of frivolous character alone if for no other reason. As to the first ground of demurrer, the note being payable on demand admits a present debt to be due to payee or holder, is payable absolutely and at all events, and requires no other or previous demand than the institution of a suit thereon. In support of this position see Story on Prom. Notes (6th ed.), § 29, and authorities there cited; also 12 Cal. 482; 38 id. 409; 3 Wend. 13.

And, as to the second ground, the complaint alleged indebtedness for certain work and labor performed by the plaintiff for defendants, at their instance and request, for a certain period of time, and at certain stipulated wages, and then goes on to say "that, on the 28th day of December, A. D. 1870, this plaintiff and the said defendants accounted together of and concerning the said work and labor, and the wages due therefor, and the amounts paid on account thereof by the said defendants to this said plaintiff; and it was found and ascertained that there was due the plaintiff from said defendants the said sum of $378, which said sum the said defendants then and there agreed to pay," etc.

We hold this to be a very clear and amply sufficient allegation of an account stated, and must consider the demurrer in that regard, as in the other, simply frivolous and evidently filed for delay, and not such as to warrant a reversal of judgment.

But it is further insisted by appellants that the court below erred in the computation of interest on the note. The record shows no exception whatever to the findings of that court in this particular, and this court can, therefore, consider none here.

Appellants should have availed themselves of the proper exceptions in the court below, if they desired to take ad-

vantage of any erroneous computation in the court above. This court will only review and correct such errors of the court below as the record discloses were properly excepted to there.

The defendants failing to answer, and the complaint being properly verified, the plaintiff was entitled to a judgment upon the complaint without proof.

*Judgment affirmed.*