ORR, appellant, v. HASKELL, respondent.

| 2 | 225 |
| 6 | 501 |
| 11 | 274 |
| 11 | 533 |
| 2 | 225 |
| 12 | 533 |
| 31* | 64 |
| 2 | 225 |
| 16 | 430 |

NEW TRIAL — *grounds requiring affidavits.*   A motion for a new trial for the causes of irregular proceedings, which prevented a new trial, and accident and surprise, will be refused if it is not made upon affidavits, as required by the 234th section of the Civil Practice Act.

SAME — *verdict against evidence.*   A new trial will not be granted for the cause that the verdict is against the evidence, unless it appears clearly that the jury erred.

PROOF OF MINING RULES — *examination of, by jury.*   A book containing the rules and regulations of the miners of the district, in which the mineral land in controversy in this action was located, was competent evidence under the 504th section of the Civil Practice Act, and the jury had the right, under the 207th section of the Civil Practice Act, to take said book to their room, upon retiring for deliberation.

PRACTICE — *objection to answer after verdict.*   After the verdict has been returned, a party cannot complain for the first time that the denials in the answer are insufficient.

CASE AFFIRMED.   The case of *Marden* v. *Wheelock,* 1 Mon. 49, holding that issues of law are waived after the trial upon the facts, affirmed.

*Appeal from Third District, Lewis and Clarke County.*

THE judgment was rendered by WADE, J.   The following sections of the Civil Practice Act are referred to in the opinion:

"In actions respecting mining claims, proof shall be admitted of the customs, usages and regulations established and in force in the mining district embracing such claim; and such customs, usages and regulations, when not in conflict with the laws of this Territory, shall govern the decision of the action."   Civ. Pr. Act, § 504.

"Upon retiring for deliberation, the jury may take with them all papers (except depositions), accounts or account books, which have been received as evidence in the case."   Civ. Pr. Act, § 207.

TOOLE & TOOLE, for appellant.

The denials in the conjunctive in the answer admit that appellant was the owner and seized in fee of the premises in controversy.   2 Estee's Pl. 657, 781, and cases there cited; 3 id. 48, 665, and cases there cited.   The statute provides that every material

allegation in the complaint, not specifically denied in the answer, shall be deemed admitted on the trial. Civ. Pr. Act, § 65.

The answer does not deny appellant's right of possession, and right of possession is sufficient to maintain the action. No abandonment or forfeiture is pleaded. These defenses must be pleaded specially against a seizure in fee, when prior possession is not denied. There is no evidence of abandonment.

Was there a forfeiture under the laws of the district? No forfeiture can be had, if the laws do not provide for it; forfeitures are odious in law and never occur by implication. *McGarrity* v. *Byington*, 12 Cal. 426; *English* v. *Johnson*, 17 id. 117; *Bell* v. *Bed Rock T. & M. Co.*, 36 id. 214.

No adverse possession is claimed during the time limited by the statute, and the statute of limitation is not relied on.

The property once admitted to be in appellant can only be lost by gift or sale, abandonment, forfeiture or adverse possession. Nothing of this nature is proved.

The new matter in the answer does not show adverse possession. 2 Estee's Pl. 23, 26, 912, 929, and cases there cited.

The admission of the mining laws in evidence, for the jury to construe, is error. *Fairbanks* v. *Woodhouse*, 6 Cal. 433; *Dutch F. W. Co.* v. *Mooney*, 12 id. 534.

The record shows the ground in dispute was laid over May 14, 1870, and respondents jumped it on the 20th following. On this account they were trespassers and their action could not ripen into a right.

G. G. SYMES and CULLEN & COMLY, for respondents.

Appellant's objections to the sufficiency of the answer come too late. He went to trial as if the denials were good and conducted his side as if every allegation of the complaint was denied. Appellant thereby made the denials good and sufficient. *White* v. *Spencer*, 14 N. Y. 247; *Wall* v. *Buffalo W. Works*, 18 id. 119; *Elton* v. *Markham*, 20 Barb. 343; *Seely* v. *Engell*, 3 Kern. 542; *Daniels* v. *Andes I. Co.*, ante, 78.

The assignment of errors by appellant is wholly insufficient. *Griswold* v. *Boley*, 1 Mon. 545.

The grounds alleged for a new trial, which require affidavits, must be disregarded. They are not supported by affidavits. Civ. Pr. Act, § 234.

Appellant failed to comply with the rules of the district, and the jury could reasonably find an abandonment therefrom. *King* v. *Edwards*, 1 Mon. 235; *St. John* v. *Kidd*, 26 Cal. 264.

Abandonment need not be pleaded, but is admissible under a denial of title. *Bell* v. *Bed Rock T. & M. Co.*, 36 Cal. 214; *Willson* v. *Cleaveland*, 30 id. 192.

The book containing the mining laws was properly admitted in evidence. Civ. Pr. Act, § 504. This book is the best evidence of the existence of the written rules.

SERVIS, J. This was an action to recover possession of certain placer mining ground described in the complaint as situate in "Helena Hill District, Lewis and Clarke county, Montana Territory." The complaint also alleged that plaintiff was the owner thereof, and seized in fee; that defendants ousted him from the possession and wrongfully and unlawfully withheld the same.

The defendants, by answer, substantially denied all the allegations of the complaint, and averred that *they* were possessed of and the owners of 600 feet of the property in question, describing the same.

Upon this state of the pleadings, and without objection, the parties proceeded to trial to a jury. After the plaintiff had rested, the defendants, amongst other evidence, offered a book containing the rules and regulations of the miners in said Helena Hill mining district, which the court admitted over the objection and exception of plaintiff.

After the defendants had rested, the court instructed the jury precisely as requested by the respective parties, and without objection or exception by either; and the jury rendered their verdict for the defendants. Whereupon the plaintiff moved for judgment *non obstante veredicto*, which the court overruled, without objection or exception.

The plaintiff then moved for a new trial on the following grounds, viz. :

1. Irregularity in the proceedings of the court, by which plaintiff was prevented from having a fair trial.

2. Accident and surprise, which ordinary prudence could not guard against.

3. Insufficiency of the evidence to justify the verdict, and that the same was against the law.

4. Errors of law occurring at the trial and excepted to by plaintiff.

5. Error of the court in admitting and submitting miners' rules, regulations and customs to the jury.

6. That the verdict is against the law and the evidence.

So far as respects the first two errors assigned, this court cannot consider, as the same is not supported by affidavits, as required by the 234th section of the Code.

As to the third and sixth errors assigned, which are of one and the same import, viz.: Insufficiency of evidence to warrant the verdict, and that the same is against the law of the case, we will consider together.

The law of the case was substantially embodied in the instructions given to the jury, which were given in the precise language as requested by the respective counsel; and while *I* do not either admire or practice this mode of giving instructions to a jury, yet, as there was no objection or exceptions taken to the instructions as given, we fail to see wherein the verdict was contrary to the law of the case.

As to the insufficiency of the evidence to support the verdict, upon an examination thereof, as presented by the record, we find the same did, without objection thereto, at least tend to show that the ground in controversy was a part and parcel of the public domain; that it was situate within a regularly organized mineral district; that the tenures and possession of mining claims therein were subject to the then existing rules and regulations of *that* district; that the ground in controversy was vacant in 1869 and 1870; that plaintiff had not complied with the rules of the district, which was thereby an abandonment of any right he might have had thereto; that defendants, finding the same so vacant and abandoned, located the same and thereafter complied with the rules of said district, whereby to entitle them to the sole and ex-

clusive possession of the same; and further, that although the plaintiff could not, in the fall of 1869, procure water wherewith to work and represent the same, yet in the spring of 1870 he could, as defendants and others did, procure such water. With such proof tending to controvert the plaintiff's claim, and establish the defendants', this court cannot here say that the verdict was contrary to the evidence, of which the jury alone were the judges of its weight and credibility. It must be *clear* that the jury has erred before a new trial will be granted, on the ground that the verdict is against the weight of the evidence or unsupported by it. And if this is the rule, as it undoubtedly is, even in the court where the cause is tried, and before whom the witnesses appear and testify, *a fortiori*, ought it to be the rule, when another court decides the motion for a new trial, with no other knowledge of the facts than is derived through the imperfect medium of a written statement.

As to the fourth and fifth errors assigned, they, too, are of one and the same import, viz., the error of the court admitting the book of miners' rules and regulations as evidence, and submitting and permitting them to be taken and considered by the jury in their room.

The admission of the miners' book of rules and regulations of the miners in that district, we think, under section 504 of the Civil Practice Act, was competent, and when so admitted it was proper for the jury to take the same with them to their jury room, as provided by section 207 of the Practice Act.

The plaintiff's counsel, however, with much force and the support of numerous authorities, insist that the answer of the defendants is insufficient to form an issue or to support the verdict.

The answer, it is true, is not as specific and void of negative pregnants as good pleading might require; yet, as no advantage was taken of it, either before or upon the trial, we think the objection comes too late after verdict; and the authorities cited by the defendants' counsel, as well as the holdings of this court in the case of *Daniels* v. *The Andes Ins. Co., ante,* 78, fully sustain this view, especially so, as there is at least one material issue joined with the answer, viz., that of adverse possession, which, although perhaps insufficient in and of itself to form an issue, yet, when

supported by evidence unobjected to, tending to establish such possession, cannot be disturbed after verdict. And this court, in *Marden* v. *Wheelock*, 1 Mon. 49, has held that all issues of law are waived after trial upon the facts.

We are, therefore, of the opinion that there is no such error appearing upon the record in this case as to warrant a reversal of the judgment, and the same is affirmed, with costs.

*Judgment affirmed.*