O'BANNON, appellant, *v.* CHUMASERO, respondent.

STATUTE OF FRAUDS — *letter expressing consideration of agreement.* O., the clerk of the district court, notified C , an attorney for P., that he would not make out a transcript on appeal for P. unless C. would guaranty the payment of his fees. C. then wrote a letter to O. and said : " You will please make out

the record in the P. * * * case and we will guarantee the payment of your fees by him, P. * * *." The letter directed O. to complete the record by a specified time, so that it might be used for certain purposes by P., and also call upon B. for information and advice about P.'s case. O. then made out the record and brought this action against C. upon the failure of P. to pay his fees. *Held,* that the consideration of the agreement in writing, within the meaning of the statute concerning " conveyances and contracts," was expressed in C.'s letter to O.

*Appeal from Third District, Lewis and Clarke County.*

THE demurrer to the complaint of O'Bannon was sustained by WADE, C. J., and judgment was entered for the defendants, Chumasero and Chadwick.

E. W. & J. K. TOOLE, for appellant.

There is no privity of contract between appellant and Plaisted. There was no indebtedness in existence to which the promise of respondents could be collateral. The consideration for it was doing the work. It operated directly in procuring the services rendered, and would be good if it rested solely in parol. Smith's L. C. (5th Am. ed.) 374; *Decatur Bank* v. *St. Louis Bank,* 21 Wall. 294; *Yale* v. *Edgerton,* 14 Minn. 194; *McLendon* v. *Frost,* 57 Ga. 448; *Case* v. *Howard,* 41 Iowa, 479; *Booth* v. *Eighmie,* 60 N. Y. 238; *Worcester Bank* v. *Hill,* 113 Mass. 25; *Hilliard* v. *Hons,* 37 Tex. 717; *Ashton* v. *Bayard,* 71 Penn. St. 139; *Reed* v. *Fish,* 59 Me. 358; *Boehne* v. *Murphy,* 46 Mo. 57.

It is an agreement on the part of an attorney of this court to pay the costs of his client. These obligations of attorneys are always enforced regardless of the Statute of Frauds. Browne on Frauds (5th ed.), § 214; *Evans* v. *Duncan,* 1 Tyrw. 283, citing *Senior* v. *Butt,* K. B. 1827.

The performance of the labor is the consideration of the promise, which can be inferred from the letter of respondents to appellant. Browne on Frauds (5th ed.), §§ 191, 399, 400, 418; *Stadt* v. *Lill,* 9 East, 348; *Church* v. *Brown,* 21 N. Y. 315; *Raikes* v. *Todd,* 8 Ad. & El. 846; *Stadt* v. *Lill;* S. C., 1 Camp. 242; 1 Chitty on Cont. (11 Am. ed.) 62, 741, 742, 761, note *a.*

If this can be considered an obligation to answer for the debt, default or miscarriage of another, it fully satisfies the requirements of our statute. Cod. Sts. 393, § 12. It is in writing, signed by the party to be charged therewith, and expresses the consideration.

Chumasero & Chadwick, *pro se.*

The guaranty of respondents must be in writing, expressing the consideration. No consideration is expressed in the respondent's letter, and therefore there is no liability. In England, the statute does not contain the clause, " expressing the consider- · ation," and such a promise is held to be within the statute. *Barber* v. *Fox*, 1 Stark. 215 ; Fell on Guaranty, 4-8, 22-31, 33- 40 ; Cod. Sts. 393, § 12.

Respondent's. promise was collateral and within the statute of the Territory. Fell on Guaranty, 32-34, 40.

Appellant performed services for Plaisted, not respondents. The guaranty was that Plaisted should pay therefor, not that respondents should be charged. The promise was not an original one. The letter does not express any consideration. Respondents, as attorneys for Plaisted, could order the transcript from the clerk of the court, and incur no liability. The statute of California is the same as ours and has the words " expressing a consideration." It is there held that the consideration must be expressed in writing. *Clay* v. *Walton*, 9 Cal. 328 ; *Ellison* v. *Jackson W. Co.*, 12 id. 542 ; Throop on Verbal Agreements, § 195.

The cases cited by appellant were decided in States where the statutes are different from ours and are inapplicable. The liability of attorneys for their clients' costs in England is based on a rule of court, that has no application to our law.

Blake, J. The complaint alleges that the appellant was the clerk of the district court in the second judicial district of this Territory at a certain time ; that the respondents were the attorneys of Plaisted, who was a party to a case that was tried and determined in said district; that Plaisted wished to appeal from

the judgment entered in the case; that the respondents as such attorneys requested the appellant, as such clerk, to make out and certify to the supreme court of the Territory a transcript on appeal therein; that Plaisted was insolvent, and the appellant refused to comply with this request, unless his fees were paid in advance, or the respondents would guaranty the payment of the same; that the appellant in a letter notified the respondents of these facts, and that the respondents then guaranteed the payment of said fees by the following writing:

"HELENA, M. T., *July* 11, 1872.

O. B. O'BANNON, Esq.:.

Dear Sir—You will please make out the record in the Plaisted and Nowlan case, and we will guarantee the payment of your fees by him, Plaisted.

For information concerning the same, please call on James H. Brown, who will advise with you.

The record should be completed by the first day of August, so that it may be filed in time.

We may not desire to have any thing done in supreme court, as it may be settled by sale of the property; but the case can be docketed in supreme court, and rest there.

Truly yours,

CHUMASERO & CHADWICK."

The complaint further alleges that the appellant, on the receipt of this guaranty, and in compliance therewith, made out and certified a transcript in the case as such clerk, and delivered it to the respondents; that the fees for said services of appellant were $304.65; and that payment thereof had been demanded of the respondents, who refused to pay any part of the same.

The respondents demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The court below sustained the demurrer, and upon the failure of the appellant to file an amended complaint, rendered judgment for the respondents for their costs.

The determination of this case depends upon the construction of the following section of the statute concerning " conveyances

and contracts :" " In the following cases any agreement shall be void, unless such agreement, or some note or memorandum thereof expressing the consideration, be in writing, and subscribed by the party charged thereunto : First. Every agreement that, by the terms, is not to be performed within one year from the making thereof. Second. Every special promise to answer for the debt or default or miscarriage of another." * * * Cod. Sts. 393, § 12.

We refrain from discussing the proposition of the appellant, that the respondents would have been liable to the appellant if the agreement had been in parol. The contract before us is in writing, and subscribed by the respondents. Does the foregoing letter express the consideration of the agreement ? If this question is answered in the affirmative, we must hold that the complaint is sufficient.

Let us consider the situation of the parties. The appellant had the statutory right to demand in advance the payment of the fees prescribed by law for his services. He had not only performed no labor before he received the writing from the respondents, but he declined to make out the transcript on appeal for Plaisted unless certain conditions precedent were complied with by Plaisted or the respondents. The respondents, with a knowledge of these facts, expressed in clear language their request and guaranty in the foregoing letter to the appellant. Afterward the appellant prepared the record, which was necessary to enable Plaisted to appeal to the supreme court of the Territory. The appellant did not file the transcript in the office of the clerk of this court, but delivered the same to the respondents, not Plaisted. It appears from said writing that the respondents requested the appellant to perform this work within a definite time, in order that they might use the transcript, if necessary, for certain purposes. The perfection of the appeal by Plaisted, by filing the record, and causing it to be placed upon the docket of this court, devolved upon the respondents, who were in the possession and control of the transcript which had been prepared by the appellant.

Did this letter of the respondents express the consideration of

the agreement within the meaning of the statute, *supra?* In *Stadt* v. *Lill*, 9 East, 348, the defendant gave the following written guaranty: "I guarantee the payment of any goods which J. Stadt delivers to J. Nichols." It was objected at the trial that this guaranty was void under the fourth section of the Statute of Frauds of 29 Car. 2, ch. 3, because there was no consideration stated for the promise. "But Lord Ellenborough was of the opinion that the stipulated delivery of the goods to Nichols was a consideration appearing on the face of the writing, and when the delivery took place the consideration attached." This ruling was affirmed, and has been recognized as authority in many English and American decisions.

The courts of New York have interpreted the same clause which is relied on by the respondents to uphold the judgment of the court below. In *Rogers* v. *Kneeland*, 10 Wend. 219, Morgan & Sons, in an instrument in writing, requested Rogers & Sons to pay Kneeland the damages, costs and attorney's fees which Kneeland might expend in defending a suit brought against Kneeland on account of a sale of cotton owned by Morgan & Sons. Rogers & Sons made the following indorsement thereon: "We will promptly comply with the request of Morgan & Sons as contained in the within order. New York, August 5, 1832. N. Rogers & Sons." The counsel for Rogers & Sons contended that no consideration for their promise appeared upon the face of their writing. Mr. Justice Nelson reviews the English authorities, in which this statutory provision was first announced as a rule of law, and holds that the consideration to sustain the promise of Rogers & Sons "was care bestowed and money advanced in and about the defense of the suit, and the payment of the judgment finally recovered, for performing all which the plaintiff (Kneeland) had a right to ask security, and for which expressly the guaranty in question was given." It is also held that this consideration was expressed in the instruments which have been referred to. This case was affirmed in the court of errors. 13 Wend. 115. The same question is discussed in *Church* v. *Brown*, 21 N. Y. 315, and Mr. Justice Wright, in the opinion, says: "To hold, at this late day, that, for the purpose of satisfying the

statute, a particular form of words, expressive of the consideration, must be written in a guaranty, would be to overthrow a series of decisions extending through the last half century."

In *D' Wolf* v. *Rabaud*, 1 Pet. 476, Mr. Justice STORY says: " The case of *Wain* v. *Walters*, 5 East, 10, was the first case which settled the point that it was necessary, to escape from the Statute of Frauds, that the agreement should contain the consideration for the promise, as well as the promise itself. If it contained it, it has since been determined that it is wholly immaterial whether the consideration be stated in express terms, or by necessary implication." Mr. Browne, in his work on the Statute of Frauds, supports these views, and observes: "As a general rule, however, in all cases where the language of the memorandum shows with reasonable clearness that the defendant's promise is designed to procure something to be done, forborne, or permitted by the party to whom it is made, either to or for the promisor or a third party, such act, forbearance or permission, so stipulated for by the defendant, is taken to be the inducement to his promise, and the suggestion of it in his memorandum, preventing him from asserting that his promise is without consideration, suffices to make the memorandum binding upon the plaintiff." § 405, and cases there cited.

We are satisfied that these authorities, which have enforced the rule of law stated in *Wain* v. *Walters, supra,* are applicable to the statute of this Territory. We maintain that the respondents expressed the consideration in said letter in plain language; but those who dispute this proposition must concede that the consideration appears " by necessary implication." The promise of the respondents to pay the appellant for his services in preparing the transcript on appeal was valid, and the court erred in holding that the complaint was insufficient.

*Judgment reversed.*