RAMSEY, respondent, *v.* CORTLAND CATTLE Co., LIMITED, appellant.

PLEADINGS — *Amendment* — *Misnomer of defendant.*— Where defendant, being sued under a wrong name, discloses his true name in his answer, he cannot object to the court's giving leave, after the evidence is in, to amend the complaint accordingly.

EVIDENCE — *Testimony of book-keeper as to credits in books.*— In an action on an account in which defendant claims that the amount sued for was paid to plaintiff, by causing a credit to be given to plaintiff on his indebtedness to a third party with plaintiff's consent, the testimony of such third party's book-keeper as to whether or not the books of such party showed any such credit is competent.

APPEAL — *For delay* — *Damages for* — *Montana supreme court rule 23.*— Where there is no merit in an appeal, and it seems to the court to have been taken merely for delay, the appellate court will award damages, under Montana supreme court rule No. 23.

*Appeal from First District, Yellowstone County.*

ACTION on account. Judgment for plaintiff. Defendant appeals.

JOHN McGINNIS, for the appellant.

E. N. HARWOOD, for the respondent.

WADE, C. J. This is an action upon an account for goods, wares and merchandise; for work and labor; for money had and received; and for a balance due for cattle sold by the plaintiff to the defendant. The complaint alleges that the defendant is "an association or company of persons as-

sociated in the same business, and transacting such business, and own property in said county of Yellowstone, territory of Montana, under the common name of Cortland Cattle Company." The defendant in its answer denies that its common name is "Cortland Cattle Company," and alleges that its true name is "Cortland Cattle Company, Limited." After the evidence was concluded, and before the case was submitted to the jury, the plaintiff asked and obtained leave to amend his complaint, in order to make it correspond with the proof, by inserting the word "limited" after the words "Cortland Cattle Company," wherever they occurred in the complaint. Granting leave thus to amend the complaint is the first error assigned.

1. The persons composing the members of this company, whose names are set forth in the answer, do not question the right of the plaintiff to bring an action against the company; and they were considerate enough to disclose in their answer the common and true name of their company under which they owned property and carried on business, which name was, they said, "Cortland Cattle Company, Limited," instead of "Cortland Cattle Company." The proofs seem to verify their statement and to establish the true name of the firm, whereupon the plaintiff obtained leave to amend his complaint accordingly. These gentlemen had the right to give to their firm or company any decent and respectable name, and to insist upon being sued in that name; but after disclosing their true name in the answer, they ought not to object to being given the same firm name and style in the complaint. The real question was whether this company of persons were liable for the plaintiff's demand, and if so, whether their property could be subjected to its payment. The amendment to the complaint did not in the least change the liability of the members of the company to the plaintiff, if there was any such liability, and no such thing is claimed or pretended. It in no manner changed the issues or the applicability of the evidence to the issues tried, and there is no pretense that it did. The defendant or the members of

the company were not taken by surprise, nor do they so claim, and could not after setting forth their true name in their answer. It was one of those kind of amendments that are made as a matter of course, when it is discovered that a defendant has been sued in the wrong name. Even if this were not the case, we have decided many times that after the evidence is in, the pleadings may, in the discretion of the court in furtherance of justice, be amended so as to make them correspond with the proof. See sec. 114, Code Civil Proc.; *Wormall* v. *Reins*, 1 Mont. 627; *Hartley* v. *Preston*, 2 Mont. 415; *Hershfield* v. *Aiken*, 3 Mont. 422; *Randall* v. *Greenhood*, id. 506.

2. An exception was taken because of the admission of the testimony of one Harry M. Allen, book-keeper for the Montana Lumber Company. One of the items of the plaintiff's account was a balance of $200 for cattle and a ranch sold by plaintiff to the defendant company. The company claimed that this amount had been paid to the plaintiff by one Hathaway, agent of the company, by causing a credit to be given to the plaintiff on his indebtedness to the Montana Lumber Company, with the plaintiff's consent. This the plaintiff denied, and there was testimony *pro* and *con* on this proposition. It was competent, therefore, for the book-keeper of the lumber company to testify as to whether or not the books of the lumber company showed any such credit, and the state of the account between the lumber and the cattle companies.

3. The court gave to the jury the following instruction, to which the defendant saved an exception: "If you believe, from the evidence, that the defendant or any member thereof gave to one Jerome R. Hathaway $200, owing by defendant to plaintiff, with instructions to said Hathaway to deliver the same to the plaintiff, and the same was not paid to plaintiff by said Hathaway, and has not since been paid in any manner, then the jury will find that said Hathaway was simply the agent of defendant in that respect, and his default was the loss of the defendant." There ought

to have been no question concerning this instruction. The plaintiff had not trusted Hathaway. He was not the agent of plaintiff. If the defendant placed money in his hands to pay to the plaintiff and he betrayed his trust, the defendant and not the plaintiff must suffer the loss.

4. The defendant also complains of the following instruction: "Where a person sells personal property and delivers possession of it and accepts part payment thereon, then the seller cannot go back and take the property. He has simply a debt against the purchaser for the balance due." There is nothing wrong with this instruction. Upon a sale and delivery of possession of personal property, the purchaser becomes the owner; and the mere fact that the seller has given him credit for the purchase price does not change the question of ownership. The delivery of the property, and the continued change of possession, is what determines the validity of the sale and the ownership.

It is contended that the court erred in giving several other instructions to the jury; but as no exceptions were taken upon the trial, we cannot consider them. *McFarland* v. *Cutter*, 1 Mont. 383; *Orr* v. *Haskell*, 2 Mont. 225; *Kleinschmidt* v. *McAndrews*, 4 Mont. 8; *McKinney* v. *Powers*, 2 Mont. 466; *McKinstry* v. *Clark*, 4 Mont. 370.

The appellant contends that the verdict is against the evidence, and occupies much space in his brief in arguing this proposition. The evidence is conflicting, and when this is the case and there is substantial evidence to support the verdict, this court will not disturb it. This has been so frequently decided here that a citation of authorities is scarcely necessary. *Lincoln* v. *Rodgers*, 1 Mont. 217; *Toombs* v. *Hornbuckle*, 1 Mont. 286; *Ming* v. *Truett*, 1 Mont. 322; *Travis* v. *McCormick*, 1 Mont. 347; *Territory* v. *Reuss*, 5 Mont. 607.

There is no merit in this appeal. It seems to have been taken merely for delay, and is clearly within the twenty-third rule of court, which provides that in any case, if the court is satisfied from the record that the appeal was taken

for delay, such damages shall be awarded as may, under the circumstances, be proper, and as shall tend to prevent appeals for the purposes of delay.

The judgment is affirmed, with costs, and in addition thereto the plaintiff is hereby awarded a judgment against the defendant in the sum of $100, as damages under rule 23 of this court.

*Judgment affirmed.*

GALBRAITH, J., and BACH, J., concur.