## CARRON, RESPONDENT, v. WOOD ET AL., APPELLANTS.

PRACTICE — *Points considered on appeal.* — On appeal from an order overruling a motion for a new trial, made upon a statement of the case, this court will not review points presented by counsel concerning which no specifications of error are contained in the record.

WATER RIGHTS — *Measurement — Instructions.* — In an action for damages for the unlawful diversion of water, an instruction, in substance, that the extent of the plaintiff's appropriation is determined by the capacity of his head-gate and ditches, and the quantity required by him for the uses for which it may be appropriated, measured as required by statute, is not error, in that it tests the extent of the appropriation by the capacity of the head-gate and not that of the ditch.

SAME — *Measurement of water — Weight of testimony.* — In the case at bar the court instructed the jury that, in determining the amount of water plaintiff was entitled to, they should find the same in inches measured as provided by law, and gave in detail and by illustration the unit of measurement of water appropriated as provided by statute; but before giving such instruction, struck from it a clause, that "in order for you to find the amount of water plaintiff is entitled to, the evidence and your finding must conform to the above manner of measurements, and if the evidence does not, it is only speculative and uncer-

tain." *Held,* that as such clause was in part a mere repetition of what had already been given, and contained expressions as to the *weight of the testimony* of which the jury were the judges, its exclusion was not error.

:SAME—*Measure of damages.*—In the case at bar the defendants are liable for the injury resulting to plaintiff for their diversion of water, although the diversion was not continuous but only at certain periods, the damages being measured by the real injury resulting from the act, rather than the time during which the right is invaded.

PRACTICE—*New trial—Conflicting testimony.*—Where there is evidence to support a finding of the jury it will not be disturbed because the testimony is conflicting. (*Lincoln* v. *Rodgers,* 1 Mont. 217; *Toombs* v. *Hornbuckle,* 1 Mont. 286; *Ming* v. *Truett,* 1 Mont. 322; *Travis* v. *McCormick,* 1 Mont. 347; *Territory* v. *Reuss,* 5 Mont. 605; *Ramsey* v. *Cortland Cattle Co.* 6 Mont. 498, cited.)

'WITNESSES—*Evidence.*—A witness who testifies as to the amount of damage that results from the destruction of a certain thing, may be questioned in detail as to whether or not all conditions and circumstances which might affect the amount of such damage have been considered by him in stating his estimate.

*Appeal from Fourth Judicial District, Missoula County.*

The cause was tried before MARSHALL, J. The plaintiff had judgment below.

*S. G. Murray,* and *Robinson & Stapleton,* for Appellants.

In plaintiff's attempt to allege special damages he has not set out how much, or to what extent he has been damaged as to his crop, grass, or fruit trees, and in order to recover or let in proof as to the same, it is necessary that such facts should be alleged. (*Potter* v. *Froment,* 47 Cal. 165; *Dabovich* v. *Emeric,* 12 Cal. 178; *Cole* v. *Swanston,* 1 Cal. 51; 52 Am. Dec. 288; 1 Chitty on Pleading, 428 *b*; Sedgwick on the Measure of Damages, 67, 575; 1 Sutherland on Damages, 764; 3 Sutherland on Damages, 427; 2 Greenleaf on Evidence, § 251; 1 Estee's Pleadings, 238; *Donnell* v. *Jones,* 13 Ala. 490; 48 Am. Dec. 69.) The several defendants are not jointly liable, but their liability is individual. (*Sloggy* v. *Dilworth,* 38 Minn. 179; 8 Am. St. Rep. 660, and cases cited therein in note.) It is not shown what it cost to plant the crop or haul it to market, and which items should be deducted from the value of the crop. It is the net amount after deducting all these items of expense that constitutes the damages. (*Ellis* v. *Tone,* 58 Cal. 301, in this case the principle is stated; *McClure* v. *Thorpe,* 68 Mich. 33.) It is very questionable, at best, whether it is correct to prove damages by showing what would have

been the probable yield of ground with proper irrigation; such damages are too speculative, and cannot be proved with sufficient certainty. (*City of Chicago* v. *Huenerbein*, 85 Ill. 594; 28 Am. Rep. 626; *Olmstead* v. *Burke*, 25 Ill. 86; *Cilley* v. *Hawkins*, 48 Ill. 308; *Green* v. *Williams*, 45 Ill. 206; *Chapman* v. *Kirby*, 49 Ill. 211.) If such damages can be recovered at all, they must be proven with reasonable certainty, which has not been done in this case. (Sedgwick on the Measure of Damages, pp. 86, 87, n. 2; *Selden* v. *Cashman*, 20 Cal. 67; 81 Am. Dec. 93.) There was no testimony by any of the witnesses that they had ever measured any water or the capacity of a ditch as required by the statutes of Montana; such testimony is but guess work, and when it is easy to ascertain the exact capacity of a ditch by measurement, it should be required, and judgments should not be based on speculation. (*Hoult* v. *Baldwin*, 78 Cal. 410.) The measurement of the head-gate is not the test of the capacity of the ditch, but what it will carry its full length, and to be measured in the manner provided by the laws of Montana. (Comp. Stats. p. 997, § 1262; *Caruthers* v. *Pemberton*, 1 Mont. 111.) As to want of knowledge by witnesses as to measuring water, see *Story* v. *Maclay*, 3 Mont. 480.

*Thomas C. Marshall*, and *George W. Reeves*, for Respondent.

Respondent contends that all the damage proved on the trial was general damage, and could properly have been proved and recovered even if there had been no allegations concerning the crops. But if wrong in that contention, and it is held that such damage is special, he contends that there is sufficient allegation of loss to authorize the evidence and recovery for such damages. It was contended by defendants' counsel on the trial that damage for loss of crop could not be proved, even when it was alleged that the crop was injured, because the amount of damage to each particular item was not stated in the complaint. But we think that no case can be found, or the authority of no text-writer produced, where such a thing is intimated. But all the cases and all the text-writers and all the precedents show, that what is meant by the rule that special damages cannot be recovered unless pleaded, is that the facts that show the special

damages must be alleged. We think that they are sufficiently alleged in the complaint in this case. (2 Greenleaf on Evidence, § 254; *Hutchinson* v. *Granger*, 13 Vt. 386; *Birchard* v. *Booth*, 4 Wis. 93; *Treadwell* v. *Whittier*, 80 Cal. 575; 13 Am. St. Rep. 175; *Roberts* v. *Graham*, 6 Wall. 373; *Pershine* v. *Shepperson*, 17 Gratt. 472; 94 Am. Dec. 468.) The rule laid down in the instruction given by the court as to the nature of damages and manner of ascertaining the amount thereof is correct. (*Folsom* v. *Apple River L. D. Co.* 41 Wis. 602.)

HARWOOD, J.—The appeal herein is from an order overruling defendants' motion for a new trial.

The cause of action alleged by plaintiff is to the effect that defendants, during the year 1889, wrongfully diverted and deprived plaintiff of the use of 550 inches of the waters of Burnt Fork Creek, claimed by plaintiff by virtue of prior appropriation and use, for the purpose of irrigating plaintiff's tract of 320 acres of land situate in Missoula County.

The relief demanded by plaintiff is: (1) The recovery of $2,000 damage alleged to have been sustained by reason of such wrongful and continued diversion of said water during the year 1889. (2) That defendants be perpetually enjoined from further interference with plaintiff's alleged water right.

A jury trial was had, which resulted in a verdict in plaintiff's favor, to the effect that he was entitled to 550 inches of the waters of Burnt Fork Creek, as against all of the defendants; and that plaintiff had suffered damage in the sum of $1,535.88 by reason of defendants wrongfully depriving plaintiff of the use of said waters during the year 1889, which damage was apportioned against twelve defendants in divers sums, found by the jury and set forth in the verdict. The grounds upon which a new trial is sought, as recited in the notice of intention to move therefor, are: "(1) Errors of law committed and occurring at the trial of said cause duly excepted to. (2) Insufficiency of evidence to justify the verdict of the jury. (3) That the verdict is contrary to law. (4) Excessive damages." Motion for new trial was made upon a statement of the case, and upon the hearing thereof was overruled; thereupon defendants appealed from the order overruling the motion.

The points presented by appellants' brief for consideration here are far more numerous than the exceptions saved and the specifications of error comprised in the record. We must confine our review to the record in this respect. (Code Civ. Proc. § 298.) The first assignment of error met with in the record relates to certain instructions given by the court to the jury. It is contended by appellants' counsel that the court erred in giving a certain instruction as to points to be considered by the jury in ascertaining the quantity of water plaintiff was entitled to. The instruction cited and complained of reads as follows: "The extent of the appropriation of water is determined by the capacity of his head-gate and ditches, and the quantity of water required by the appropriator for the uses for which it may be appropriated. In this action plaintiff seeks to establish his claim to the waters of Burnt Fork Creek to the extent of 550 inches measured as the statutes of Montana require, and which is hereafter given." Appellants' counsel contend that "the test is not the head-gate, but what the ditch will carry." We perceive no force in this contention. The head-gate is in one sense a part of the ditch, and at the same time is so devised as to conduct the water through such an aperture as to indicate the dimensions of the volume. The court said to the jury in the instruction that the "capacity of the head-gate and ditches" must be considered in determining the quantity of water to which the appropriator was entitled. The sense in which the observation is made is obvious and is free from error.

Appellants further complain of the modification of a certain instruction in the following respect. The court gave the jury an instruction as follows: "That in determining the amount of the water plaintiff is entitled to, you are instructed to find the same in inches measured in the manner provided by the laws of Montana for the measurement of water, and which is as follows:" This instruction continues to give in detail and by illustration the unit of measurement of water appropriated as provided by statute. (Comp. Stats. p. 997, § 1262.) So far no complaint is made against this instruction. But it appears that as originally drawn, it contained a clause as follows: "In order for you to find the amount of water plaintiff is entitled to, the evidence and your finding must conform to the above

manner of measurements, and if the evidence does not, it is only speculative and uncertain." This clause was stricken out and the instruction as thus modified was given. The striking out of said clause is assigned by appellants as error. In the same instruction the court had told the jury that in finding the quantity of water to which the plaintiff was entitled the same must be estimated according to the unit of measurement prescribed by statute. Language to the same effect had been used in the other instruction quoted above. So that the portion of the clause stricken out which related to the unit of measurement, by which the jury should estimate the quantity of water plaintiff was entitled to, was only a repetition of what had already been given. The other part of the clause stricken out relates to the *weight* which the jury should give to evidence. We think that was properly stricken out. The jury were the judges of the weight to be given to evidence. The capacity of plaintiff's ditches and the dimensions of the head-gates were questions of controversy upon the trial. Some witnesses, after testifying as to their experience in measuring water for irrigating purposes, and their knowledge of the ditches in question, said they could state the capacity of said ditches from their knowledge of the same and their experience in measuring water, and such testimony was allowed   Other witnesses testified to having measured the head-gates and examined the ditches for the purpose of estimating the capacity thereof, and stated to the jury the dimensions. The jury was then instructed as to the statutory unit of measurement which the jury should apply in estimating the plaintiff's water right. The jury were the judges as to the weight of the testimony, and we think the clause in said instruction was properly stricken out, for the reason that all that it properly expressed had already been given, and that it contained expressions as to the weight due to evidence, in the estimation of the jury, which was improper.

Appellants assign two other points wherein they allege the court erred in refusing to give certain instructions asked for on their behalf, relating to the measure, and manner of estimating, damages resulting from diverting and depriving plaintiff of the water to which he claimed title. By a careful review of the instructions given, we find that the court embodied in the

instructions given substantially all of the unobjectionable portions of the instructions mentioned which appellants proffered, and which were by the court refused.

Passing from assignments of error in relation to the giving, and refusing to give, instructions to the jury, we find that all other specifications set forth in the record relate to "particulars in which the evidence is insufficient to justify the verdict." (§ 298, Code Civ. Proc.) These latter specifications assert in effect the propositions which will be treated in the order stated, as follows:—

1. That the evidence introduced on the part of plaintiff as to the capacity of his ditches was too uncertain to justify the finding of the jury in that respect; and that the evidence introduced on the part of the defendants as to the capacity of plaintiff's ditches "was certain and definite." A study of the evidence presented by the record shows that witnesses for the respective parties had made examinations and measurements of the plaintiff's ditches and head-gates, and stated to the jury the dimensions and capacity thereof. As often occurs in controversies, there is considerable difference in the statement of witnesses for the respective parties as to the capacity of plaintiff's ditches. It was the province of the jury to pass upon the credibility of witnesses and the weight of testimony and make a finding. It has often been announced by this court that where there is evidence to support the verdict, the same will not be disturbed because there is conflicting testimony upon the subject. (*Lincoln* v. *Rodgers*, 1 Mont. 217; *Toombs* v. *Hornbuckle*, 1 Mont. 286; *Ming* v. *Truett*, 1 Mont. 322; *Travis* v. *McCormick*, 1 Mont. 347; *Territory* v. *Reuss*, 5 Mont. 605; *Ramsey* v. *Cortland Cattle Co.* 6 Mont. 498.)

2. That the evidence is insufficient to sustain the verdict, because uncontradicted testimony on behalf of defendants showed that defendants did not continually use the water in controversy; but used the same only at certain specified periods of time, "and that defendant Julian used the same only three days altogether."

As to defendant Julian, the record shows that only nominal damages were assessed against him. The admission as to his having used said water three days, if the same belonged to plaintiff, is sufficient, without question, to sustain the nominal damage assessed. But it is not to be inferred from the above

observation, that we held that such interference with the plaintiff's right to the use of water, without his consent, for that period of time, might not sustain a greater amount of damage than that assessed against defendant Julian. We do not understand that the period of time during which one's right is invaded and he is deprived of the exercise thereof is the only criterion by which the damage is to be estimated. The effect which necessarily resulted from the act is to be considered, and it would without doubt be correct to measure the damage according to the real injury wrought, rather than the time occupied by the wrongful act. These observations apply to the other defendants, as well as to Julian. The period of time during which defendants deprived plaintiff of the use of said water may have been all that was necessary to effect the loss that he complained of, and if such effect was consummated by the wrongful act or resulted as a consequence thereof, the defendants would be bound to answer in damages therefor, notwithstanding there was some intermission of the wrongful conduct.

3. That the verdict awarding the plaintiff damage is not sustained by the evidence, for the reason that the evidence as to the amount of damage sustained by plaintiff, by reason of being deprived of the use of said water, was too indefinite and uncertain to justify the verdict of the jury in that respect. In this connection appellants specify that the proper measure of damage was the net profit which plaintiff would have realized from the production of his land, had the same been irrigated, after deducting the expense necessarily involved in raising and marketing the same, "and there was no evidence before the jury as to the cost of seed planting and hauling said crop to market, which items should have been deducted from the value of the crop." The record as we read it shows a state of facts contrary to appellants' assertions, in the specification last mentioned. It appears from the record that plaintiff had appropriated his land for certain purposes by sowing and planting. Evidence was introduced on behalf of plaintiff tending to prove that had defendants not interfered and diverted said water belonging to plaintiff, he would have had enough to properly irrigate, and bring to maturity the crops which he had planted, with a result as to harvest that season averaging with

other crops of the same species, on like quality of land and under other like conditions, as would have existed as to plaintiff had not defendants interfered and deprived plaintiff of said water. Evidence was introduced not only as to the value of all such crops as plaintiff had devoted his land to, but also as to the expense of planting, raising, harvesting, and marketing such crops. It appears that the case was re-opened for the purpose of introducing evidence of such expenses. This testimony tends to prove the very items which appellants assert should have been in evidence before the jury. The court instructed the jury that in estimating damage they should "deduct the amount of expense necessary to mature, harvest, and prepare for market, and put on the market," such crops. This was in harmony with the proposition which appellants insist upon. It is unnecessary here to decide the question as to whether proof in detail of all such items should be required in such a case. If witnesses testify as to what amount of damage resulted from the destruction of a certain thing, measuring the damage in money, the witnesses are subject to all proper inquiries as to how they arrive at the value stated; as to whether or not expenses involved in connection with the subject have been considered in arriving at the value or damage stated, and all other pertinent inquiries would be proper; and if a witness states a fact which is the result of considering several conditions to arrive at a truthful statement, is it not to be presumed that such conditions have been considered by the witness? At any rate, as before observed, the witness may be questioned as to whether or not he has considered in detail the conditions or circumstance which affect the fact stated. (*Ellis* v. *Tone,* 58 Cal. 288.)

Counsel for appellants in their brief present a number of questions which cannot be considered because no specification of errors in such matters is found in the record. (Code Civ. Proc. § 298.) We have carefully considered all questions presented by counsel founded on the errors in law, and particulars of insufficiency of evidence set forth in the record, and find no error therein. The verdict of the jury appears to be fully sustained by the evidence. The order overruling defendants' motion for a new trial is affirmed with costs.

BLAKE, C. J., and DE WITT, J., concur.