## HOPKINS, RESPONDENT, *v.* BUTTE AND MONTANA COMMERCIAL COMPANY, APPELLANT.

[Submitted July 2, 1895. Decided July 8, 1895.]

WATERS—*Damages from overflow—Negligence.*—In an action for damages resulting from an overflow of the plaintiff's land, caused by a jam in negligently floating logs down a stream, it appeared from the testimony of the plaintiff that the jam extended partially across the stream and was throwing the water over the banks of the stream upon his land. He further testified that below the jam the water was within the banks and that the swales and sloughs below the jam were dry, and that ordinarily in high water these sloughs would fill up before the water went over the banks. He also testified that the defendant had only one man looking after the jams on the stream on the day in question and that the water stood over his ranch at the maximum depth for about thirty-six hours. It further appeared from the evidence that the water was high at the time of the jam, occasioned by an unusually heavy rain in the mountains; that the floating and rolling of the logs carried on the plaintiff's land was the cause of the injury complained of, and that in the following year the water was as high, but the defendant while driving his logs had men stationed along the drive to break the jams and no overflow occurred to the injury of ranchmen on the stream. *Held,* that the evidence was sufficient to sustain a finding that the plaintiff's land was flooded through the defendant's negligence. (*Hopkins* v. *Butte & Montana Com. Co.,* 13 Mont. 223. cited.)

SAME—*Same—Measure of damages.*—In an action for damages for injury to crops caused by the overflow of the plaintiff's land in negligently floating logs down a stream, the value of the crops, the expense of maturing them and of reaping, threshing and moving to market may be shown, in order to fix the amount of damages. (*Carron* v. *Wood,* 10 Mont. 500, cited.)

SAME—*Same—Sufficiency of evidence to sustain finding.*—In an action for damages resulting from the overflow of land, caused by negligently driving logs in a stream, evidence that a mare and colt were in the pasture when the overflow came; that the water was from two to fifteen feet deep and that nothing was again seen of the mare and colt, sufficiently warrants the finding that these animals were lost in the flood from the overflow.

SAME—*Same—Competency of evidence.*—In an action for overflowing land, resulting from the negligence of the defendant in driving logs whereby a log jam formed in a stream, evidence showing the method of operating adopted by the defendant in allowing jams to form and in breaking them by precipitating other jams upon them, instead of releasing them as they formed, is competent and admissible.

*Appeal from Eighth Judicial District, Cascade County.*

ACTION for damages for flooding land. Judgment was rendered for the plaintiff below by BENTON, J. Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiff recovered judgment for $617 for damages caused by defendant flooding his land while driving logs on Deep creek. The defendant appeals from the judgment, and

from an order denying a new trial.    The principal contention on the appeal is that the evidence did not sustain the verdict, in that it was not shown that the damages were occasioned by the negligence of the defendant.    The defendant was engaged in driving about 5,000,000 feet of logs down Deep creek. The plaintiff was a ranchman, cultivating a crop upon his land lying along the creek.    The creek overflowed, and the water covered the ranch to a depth of from two to fifteen feet, destroying growing grass, grain and potatoes, carrying away fences, and killing a mare and colt.

Plaintiff contends that the damages were caused by defendant's negligently managing its logs so that the same jammed and caused the water to overflow, scattering the logs and debris over the crop.    The defendant's defense was that the damages were caused by reason of an extraordinary freshet, and not through its negligence.

*A. J. Shores,* for Appellant.

*Leslie & Downing,* for Respondent.

De Witt, J.—We are of opinion that there is no question in this case that the damages complained of by plaintiff occurred, and that his loss was fully equal to the amount which the jury found.

The only substantial question in the case is whether the evidence of the defendant's negligence appears to be sufficient to sustain the verdict found by the jury and upheld by the court in denying the motion for new trial.    It seems to be true that the high water was occasioned by an unusually heavy rain in the mountains.    In the afternoon of July 12, 1891, the plaintiff heard an unusual noise at the mouth of a slough at the upper end of his ranch.    Upon examination he found a log jam had formed at that point.    It is true that he admitted that he could not see whether the jam extended across the whole width of the stream.    But he testified clearly that there was a jam at that point, and that the jam was throwing the water over the banks of the creek upon his land.    He testi-

fied further that below the jam the water was within the banks, and that the swales and sloughs below the jam were dry, and that ordinarily in high water these sloughs would fill up before the water went over the banks.    The plaintiff did not know when this jam went out. It may have been on Sunday night. He does not know whether the jam was there Monday.    The water stood over his ranch at the maximum depth, the witness thinks, for about 36 hours.    It also appears by the testimony of plaintiff that the defendant had only one man looking after the jams on the stream on that Sunday.    This man had gone up the stream on Sunday morning, and released a jam near another ranch above plaintiff.    This released jam ran down upon the jam at plaintiff's ranch.

Another witness testified for plaintiff that he had had considerable experience in log driving, and that one man was not sufficient to look after the jams in a drive of logs twelve miles long and containing 5,000,000 feet.

It appeared that the defendant had a considerable force of men—some thirty-five or forty—working on the drive, but that these men were at the rear end of the drive, and that they were engaged in breaking jams at the rear end, and that the jams so broken would run down upon the lower jams, sometimes breaking through them, and sometimes temporarily making the jams greater, and backing up the water to a greater extent.    It was in testimony that men should have been stationed throughout the length of the drive to break jams as they occurred, and thus release the accumulated water.    It also appears that in the following year—1892—the water was nearly, if not quite, as high as in 1891, but that in the second year the defendant, while driving its logs, had men stationed along the drive to break the jams, and by this method of operation the damages which occurred to the ranchmen in 1891 were not repeated in 1892.    It thus appears that by a different method of operation the defendant, in 1892, was able to avoid a repetition of the damages which occurred the year previous.

The defendant introduced testimony that it had five men along the creek, and that the object of having them there was

to prevent jams which were likely to occur if there was no one to look after them. But this witness does not know what the drivers were doing on the day when the damages occurred. It also appeared that the water stood upon the plaintiff's ranch, at the maximum height, for about 36 hours. This, it was claimed, indicated that the flooding occurred by the natural rise of the water, and not by the jam.

This case was before us for consideration in 13 Mont. 223. The case was then sent back for a new trial, for the reason that the court, in its instructions, had ignored the question of negligence, and had, in effect, instructed the jury that they might find for the plaintiff, regardless of the defendant's negligence. This error was cured on the second trial, and the jury were instructed in this matter. We are of opinion that the evidence was sufficient to sustain the jury in finding the negligence of defendant.

There is some room to argue that the evidence shows that the flooding would have occurred by reason of the unusually high water, without regard to the log jams. But there is also evidence that the jams, and the floating and rolling of the logs over the crops, was the cause of the damages. It was the province of the jury to decide these questions of fact, and we are of opinion that they had sufficient evidence upon which to base their conclusion. The fact which we consider significant is that in the succeeding season, when the water was apparently as high as in 1891, damages were prevented by reason of the defendant's adopting the very simple precautions which plaintiff claims it neglected in the year 1891.

It is also contended that the court erred in allowing certain testimony as to the measure of damages. We think, however, that the case was tried upon the lines laid down in the case of *Carron* v. *Wood*, 10 Mont. 500. The value of the crops was shown, and also the expense of maturing them, and of reaping and threshing, and moving to market.

It is also contended that the evidence was not sufficient to show that the mare and colt were lost by the negligence of the defendant. We have determined that the evidence was suf-

ficient to sustain the jury in finding that the flooding occurred through the negligence of the defendant. It further appears that the mare and colt were in the pasture when the flood came; that the water was from 2 to 15 feet deep; that nothing was again seen of the mare and colt. We think this evidence is quite sufficient to show that these animals suffered from the same disaster that destroyed the fences and crops.

The court allowed the plaintiff to prove the forming of certain other jams in the drive above plaintiff's ranch. This was objected to as incompetent. Plaintiff wished to show by this testimony what the action of the water was when retained by a log jam. We think this evidence was not objectionable when it is also considered that these other jams were in the same drive of logs. They showed the method of operating adopted by the defendant in allowing jams to form, and in breaking them by precipitating other jams upon them, instead of releasing them as they formed. The judgment and order denying the new trial are affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.